■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO R. HARDY, Appellant. [661 NYS2d 393] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal sale of a controlled substance in the third degree. Prior to trial, as a result of the failure of the People to provide responses to defendant's demand for particulars, County Court issued an order precluding the People from presenting evidence of defendant's conduct during the alleged sales. Defendant moved to dismiss the indictment, arguing that the preclusion order prevented the People from proving the essential elements of the criminal sale counts and constituted a "legal impediment" to his conviction (CPL 210.20 [1] [h]). We conclude that the court properly denied defendant's motion. Although the preclusion order diminished the quantum of proof against defendant, it did not "negate any elements of the charged crimes" (*People v Gordon*, 88 NY2d 92, 97; *cf., People v Swamp*, 84 NY2d 725).

Defendant contends that the People did not present sufficient evidence that a sale occurred. We disagree. The testimony of the undercover police officers that they purchased cocaine from defendant on two occasions in exchange for United States currency, as well as other circumstantial evidence, is sufficient to support the conviction. The legal definition of "sell" includes the common definition of "sell", and encompasses additional conduct, such as "exchanging" or "giving", that does not fall within the common definition (*see,* Penal Law § 220.00 [1]). Where, as here, a common sale is alleged, the other party to the transaction may testify that a sale occurred. "[W]here witnesses tend to make uniform inferences from certain facts the courts are apt to treat their statements as direct knowledge" (Fisch, New York Evidence § 364, at 243 [2d ed]).

We reject defendant's argument that the court improperly admitted evidence in violation of the preclusion order. The court's evidentiary rulings during trial were consistent with the order.

The photocopy of the "buy" money was properly admitted into evidence based upon the testimony of the police officer that he personally made the photocopy before the "buy" money was given to the undercover officers (*see, People v Brown,* 216 AD2d 737, 738). Defendant's objection, that the money could have been photocopied by the officer after it was seized from

defendant's apartment during the execution of a search warrant, goes to the weight of the evidence, not to its admissibility. We decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.