■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO ORTIZ, Appellant. [686 NYS2d 386] —Judgment, Su-

preme Court, Bronx County (Harold Silverman, J.), rendered December 13, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion when it precluded defendant from introducing medical records concerning the condition of his jaw. These records contained no information relevant even as to defendant's ability to speak at the time of his hospitalization, and were completely irrelevant to his ability to speak at the time of the drug transaction three weeks after his discharge. Moreover, the records were illegible and the medical terminology employed would have been difficult for the jury to interpret without expert assistance. Thus, any probative value the records may have had would have been outweighed by the danger that they would have confused or misled the jury (*People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998). In any event, were we to find any error in refusing to admit the medical records, we would find such error to be harmless given the overwhelming evidence of defendant's guilt. To the extent that defendant raises a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it for the foregoing reasons. Concur—Sullivan, J. P., Ellerin, Williams and Tom, JJ.