■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JESSAMY, Appellant. [725 NYS2d 6] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered March 8, 1999, convicting defendant, after a jury trial, of robbery in the first degree and three counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years concurrent with three concurrent terms of 10 years, unanimously affirmed.

Defendant was properly convicted of robbery in the first degree (Penal Law § 160.15 [3]). There was legally sufficient evidence that the large imitation revolver, made of metal and wood and used by defendant as a club or bludgeon to strike the complaining witness, constituted a dangerous instrument within the meaning of Penal Law § 10.00 (13). The jury examined the revolver and could have reasonably concluded that it was readily capable of causing death or serious physical injury under the circumstances in which it was used (*see, People v Carter,* 53 NY2d 113; *People v Torres,* 211 AD2d 509, *lv denied* 86 NY2d 742). An object's status as a dangerous instrument may be inferred from its nature and the circumstances of its use, even where the use of the object does not actually cause injury (*see, People v Brown,* 100 AD2d 879).

Defendant was properly convicted of robbery in the second degree (Penal Law § 160.10 [2] [a]). There was legally sufficient evidence of the element of physical injury, in that the record sufficiently establishes that, as the result of a blow to the side of his head with the imitation revolver, the complainant suffered substantial pain and swelling (*see, People v Guidice,* 83 NY2d 630, 636).

Defendant received ample opportunity to present his defense that the complainant, an off-duty police officer, unjustifiably shot defendant and falsely accused him of robbery. The court properly exercised its discretion in precluding defendant from introducing certain medical records that were not readily understandable and had the potential for confusing or misleading the jury (*see, People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998). In any event, defendant was not prejudiced because the essential facts defendant sought to admit through the medical records were contained in a discharge summary that was received in evidence, and defendant was afforded adequate scope in which to make use of this evidence in summation.

The court properly exercised its discretion in excluding photographs of defendant taken hours after the incident, after defendant had received medical treatment. The court properly found that these photographs were remote to the issues raised at trial and that their prejudicial effect outweighed their probative value (*see, People v Ortiz*, 259 AD2d 271, *lv denied* 93 NY2d 901).

Defendant's claim that the court should have admitted a police report as a business record is unreviewable because the record on appeal is silent as to the contents of that report (*see, People v Kinchen*, 60 NY2d 772). Contrary to defendant's argument, the court did not prevent defendant from making such a record. As a result, it cannot be determined whether the excluded report contained material information, and whether such information, notwithstanding its presence in a business record, constituted hearsay.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.