THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWITT P. ROHADFOX, Appellant. [738 NYS2d 795] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered May 28, 1999, convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that the conviction is not supported by legally sufficient evidence with respect to his intent to sell. That contention is unpreserved for our review (*see, People v Gray*, 86 NY2d 10, 19) and in any event is lacking in merit. At the time of his arrest, defendant told a police officer that he intended to

give the crack cocaine to someone to whom he "owed $10.00." "The legal definition of 'sell' includes the common definition of 'sell,' and encompasses additional conduct, such as 'exchanging' or 'giving,' that does not fall within the common definition" (*People v Hardy*, 241 AD2d 919, 919). Here, the exchange of drugs for value is encompassed within the legal definition of "sell." Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally, People v Bleakley*, 69 NY2d 490, 495). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.