■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COLEMAN, Appellant. (Appeal No. 2.) [773 NYS2d 660]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered December 7, 2001. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count of the indictment to an indeterminate term of imprisonment of 7½ to 15 years to run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that Supreme Court "improperly rushed and compressed the *Batson* inquiry" (*People v Smocum*, 99 NY2d 418, 422 [2003]) and did not allow defense counsel to make an argument that the People's proffered race-neutral reason was pretextual (*see id.* at 423). That contention, however, is not preserved for our review (*see id.* at 423-424), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Nevertheless, we repeat the admonition of the Court of Appeals that trial courts should "avoid undue haste and compression in this crucial process" (*Smocum*, 99 NY2d at 423).

Contrary to defendant's contention, we conclude that the court did not abuse its discretion in responding to a jury request for a readback of testimony, but rather responded meaningfully to the request (*see People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]; *People v Goldbeck*, 218 AD2d 670 [1995], *lv denied* 87 NY2d 846 [1995]). Contrary to defendant's further contention, there was a sufficient evidentiary foundation to permit the admission of a photocopy of the "buy money" in evidence (*see People v Hardy*, 241 AD2d 919 [1997], *lv denied* 91 NY2d 874 [1997]; *see generally Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 644 [1994]).

Defendant further contends that prosecutorial misconduct on summation deprived him of a fair trial. The court gave the jury supplemental instructions covering defense counsel's objections to the prosecutor's comments on summation and, after those supplemental instructions were given, defense counsel stated that he had no additional requests or exceptions. Under those circumstances, the court's "curative instructions must be deemed to have corrected the error[s] to the defendant's satis-

faction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Trembling*, 298 AD2d 890, 892 [2002], *lv denied* 99 NY2d 540 [2002]). Despite minor inconsistencies in the particulars of the testimony of the officer who conducted the controlled purchase of narcotics from defendant, we conclude that the verdict is not against the weight of the evidence (*see People v Hightower*, 286 AD2d 913, 915 [2001], *lv denied* 97 NY2d 656 [2001]; *People v Bell*, 234 AD2d 915, 915-916 [1996], *lv denied* 89 NY2d 1009 [1997]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the sentence is unduly harsh and severe. Therefore, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence imposed on each count of the indictment to an indeterminate term of imprisonment of 7½ to 15 years to run concurrently (*see* CPL 470.15 [6] [b]). Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.