THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERVE HAMILTON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLADIN HAMILTON, Appellant. [806 NYS2d 202]—

Judgments, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 24, 2003, convicting each defendant, after a jury trial, of assault in the first and second degrees, robbery in the third degree and criminal possession of stolen property in the fifth degree, and sentencing each defendant to concurrent terms of 5½ years, two years, 2 to 6 years, and one year, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendants' requests to introduce photographs of defendant

Soladin Hamilton, and his medical records, in support of their claims that the victim had actually attacked Soladin, that Soladin sustained a broken ankle and broken wrist as a result of the victim's actions, and that Jerve Hamilton came to his defense, as well as their assertion that Soladin could not have run away in the manner described by the victim. These rulings did not violate defendants' rights to present a defense (*see Crane v Kentucky,* 476 US 683, 689-690 [1986]). There was no evidence connecting Soladin's physical condition as demonstrated by the records to any conduct by the victim, except by way of an unduly speculative chain of inferences. Moreover, the medical records were not facially explanatory as to whether the fracture documented therein precluded Soladin from running (*People v Jessamy,* 282 AD2d 288 [2001], *lv denied* 96 NY2d 863 [2001]). Although the evidence included a brief statement made to the police by defendant Jerve Hamilton in which he gave his version of the incident in very general terms, this statement, even when considered in the context of the other evidence in the case, was far too limited to provide the necessary foundation for the introduction of any of the disputed evidence.

The court properly declined to charge justification. The above-mentioned statement by Jerve, even when taken together with all the other evidence and viewed in the light most favorable to defendants, did not create a reasonable view of the evidence supporting such a charge (*see People v Goetz,* 68 NY2d 96 [1986]; *People v Watts,* 57 NY2d 299 [1982]).

Defendant Jerve argues that his counsel was ineffective for failing to make a timely request for resubmission of the case to the jury on the ground that its verdicts were repugnant. This claim is not reviewable on direct appeal because it involves a matter outside the record concerning counsel's strategy (*see People v Rivera,* 71 NY2d 705, 709 [1988]). We note that resubmission of the case to the jury would have exposed Jerve to the risk of conviction on more, rather than fewer, counts, with the possibility of consecutive sentences (*see* Penal Law § 70.25 [2]), and we reject his arguments to the contrary. To the extent the existing record permits review, it establishes that Jerve received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). There is no reason to believe that a timely repugnant verdict objection would have led to a verdict more favorable to Jerve.

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Malone, JJ.