(October 10, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BYNUM, Appellant. [822 NYS2d 74]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered March 15, 2004, convicting defendant, after a jury trial, of assault in the second degree and resisting arrest, and sentencing him to concurrent terms of six months' imprisonment and five years' probation, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's intent to interfere with the officers' efforts to arrest him could be readily inferred from his actions (*see People v Getch*, 50 NY2d 456, 465 [1980]; *People v Bracey*, 41 NY2d 296, 301 [1977]), and there was ample evidence of physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

The court properly exercised its discretion in precluding defendant from introducing medical records to establish his blood alcohol level, since defendant did not lay a foundation by calling any witnesses to explain the meaning or significance of that particular level (*see People v Jessamy*, 282 AD2d 288 [2001], *lv denied* 96 NY2d 863 [2001]), nor did he offer the records subject to connection by way of testimony to be introduced later in the trial. Since the evidence adduced at trial, viewed most favorably to defendant, was insufficient for a reasonable person to entertain a doubt as to the element of intent on the basis of intoxication (*see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Rodriguez*, 76 NY2d 918, 920 [1990]), the court properly denied defendant's request for an intoxication charge. Since the court declined to instruct the jury on intoxication, it properly precluded defendant from raising that issue in summation (*see People v Romano*, 301 AD2d 666 [2003], *lv denied* 100 NY2d 542 [2003]). Defendant's constitutional arguments concerning his efforts to pursue an intoxication defense are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Marlow, Sweeny, McGuire and Malone, JJ.