■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY HALL, Appellant. [849 NYS2d 743]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered August 17, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal mischief in the fourth degree, petit larceny, burglary in the second degree and tampering with physical evidence in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the second degree (§ 120.05 [2]). County Court properly denied the request of defendant for a justification charge inasmuch as there is no reasonable view of the evidence, viewed in the light most favorable to defendant, to support a justification defense (*see People v Reynoso*, 73 NY2d 816, 818 [1988]; *People v Gawlick*, 32 AD3d 1207 [2006], *lv denied* 8 NY3d 845 [2007]; *People v Steele*, 19 AD3d 175 [2005], *lv denied* 5 NY3d 795 [2005]). Even assuming, arguendo, that defendant reasonably believed that the victim was using or was about to use deadly physical force against him, we conclude that there is no reasonable view of the evidence that defendant was unable to retreat with complete safety and, indeed, the evidence established that defendant chased the victim as the victim ran out of the house (*see* Penal Law § 35.15 [2] [a]; *People v Taylor*, 23 AD3d 693, 694 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Siler*, 288 AD2d 625, 628 [2001], *lv denied* 97 NY2d 709 [2002]). Contrary to the further contention of defendant, because "the court [properly] declined to instruct the jury on [justification], it properly precluded defendant from raising that issue in summation" (*People v Bynum*, 33 AD3d 376, 377 [2006], *lv denied* 7 NY3d 924 [2006]).

Defendant failed to preserve for our review his present contention that the court erred in failing to sever the trial from that of his codefendant because there was an inherent conflict in the defenses available to them inasmuch as defendant's severance motion was based on different grounds (*see People v Wooden*, 296 AD2d 865 [2002], *lv denied* 99 NY2d 541 [2002]). In any event, that contention is without merit because his defenses were not in irreconcilable conflict with those of his codefendant (*see generally People v Mahboubian*, 74 NY2d 174, 184 [1989]). Defendant further contends that the court erred in refusing to suppress the statement that he made to the police because he had invoked his right to counsel. We reject that contention. The statement of defendant that he did not have to respond to a question asking for his name without an attorney present was not an unequivocal request for an attorney (*see generally People v Glover*, 87 NY2d 838, 839 [1995]). Further, although defendant initially circled "yes" on the *Miranda* waiver form indicating that he wanted to talk to an attorney, he said "never mind" and "that's not what I meant" when the of-

ficer questioned him about his response on that form. Defendant then immediately circled "no" next to that question, placed his initials next to it, and signed the form. The officers testified that defendant never requested an attorney. We thus conclude under these circumstances that defendant knowingly and voluntarily waived his *Miranda* rights (*see People v Valverde*, 13 AD3d 658 [2004], *lv denied* 4 NY3d 836 [2005]). Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.