## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 12, 2015                    105558
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

ROBERT F. COLLINS,
                    Appellant.
_____


Calendar Date:   January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____


        G. Scott Walling, Schenectady, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Clinton
County (Ryan, J.), rendered August 22, 2012, upon a verdict
convicting defendant of the crime of driving while intoxicated
and the violations of failure to obey a police officer, speeding
and unlawful possession of marihuana.

        In the early morning hours of July 3, 2011, two state
troopers observed defendant speeding in the Town of Beekmantown,
Clinton County.  When the troopers attempted to stop him,
defendant proceeded to drive some distance before turning down a
driveway.  He then exited the vehicle and fled on foot into the
woods.  During the pursuit, one of the troopers deployed his
taser into defendant's back for a period of six seconds in order
to immobilize him.  Defendant was taken to the police station

where he failed a number of field sobriety tests and refused to take a breathalyzer test.

Defendant was charged by indictment with driving while intoxicated (hereinafter DWI), failure to obey a police officer, resisting arrest, speeding and unlawful possession of marihuana. Prior to trial, County Court denied defendant's request to admit into evidence a July 4, 2011 medical record which indicated, among other things, that defendant had been tased and presented with a concussion, contusions and an injury to his eye reportedly caused by a branch. At trial, the People presented an expert witness who testified as to taser instruction and exposure. Defendant was convicted by a jury of all counts except resisting arrest, and sentenced to a term of incarceration. He appeals.

Defendant's sole argument on appeal is that County Court improperly excluded his hospital records from evidence. "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (People v Carroll, 95 NY2d 375, 385 [2000]; accord People v Monk, 57 AD3d 1497, 1498 [2008], lv denied 12 NY3d 785 [2009]; see People v Aska, 91 NY2d 979, 981 [1998]; People v Shepherd, 83 AD3d 1298, 1299 [2011], lv denied 17 NY3d 809 [2011]). In support of his theory that his failure of the field sobriety tests was caused by his medical ailments as opposed to intoxication, defendant sought the admission of his hospital records — unaccompanied by any testimony from a medical professional. County Court denied the relief, concluding that defendant's hospital records, while generally admissible pursuant to CPLR 4518, would lead the jury to speculate as to defendant's medical condition unless a medical professional offered an explanation. The court did permit defendant to testify regarding his physical condition and hospital treatment, and to introduce photographs of his injuries at trial (compare People v Jessamy, 282 AD2d 288, 289 [2001], lv denied, 96 NY2d 863 [2001]). Inasmuch as the hospital records, without explanatory testimony, would have required the jury to speculate as to whether defendant's injuries caused him to fail the sobriety tests, we find that the court properly excluded them (see People v Monk, 57 AD3d at 1498; People v Bynum, 33 AD3d 376, 377 [2006], lv denied 7 NY3d 924 [2006]; People v Wojes, 306 AD2d 754, 757 [2003], lv

denied 100 NY2d 600 [2003]; People v Jessamy, 282 AD2d at 289; People v Ortiz, 259 AD2d 271, 272 [1999], lv denied 93 NY2d 901 [1999]).[1]

Lahtinen, McCarthy and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court

_____

[1] To the extent that defendant now argues that the medical records were also offered to impeach the testimony of the troopers and that County Court's error was one of constitutional dimension, these arguments were not preserved for our review and, in any event, are without merit (see People v Young, 295 AD2d 631, 631-632 [2002], lv denied 99 NY2d 541 [2002]; People v Ortiz, 259 AD2d at 272).