People v Strife (2018 NY Slip Op 08385)





People v Strife


2018 NY Slip Op 08385


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

110066

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARK STRIFE, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


DeLorenzo, Grasso & Dalmata, LLP, Schenectady (Cory Ross Dalmata of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered April 12, 2017, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic infraction of speeding.
In January 2016, defendant was stopped by a police officer after his vehicle was observed traveling approximately 50 miles per hour in a 30 mile-per-hour zone in the Village of Scotia, Schenectady County. Upon approaching defendant's vehicle, the officer smelled the strong odor of an alcoholic beverage and observed that defendant had glassy, bloodshot eyes and was having difficulty multitasking. Defendant was thereafter administered three separate standardized field sobriety tests, and he failed all three. He was then placed under arrest for driving while intoxicated (see Vehicle and Traffic Law § 1192 [3]) and speeding (see Vehicle and Traffic Law § 1180 [d]). Following a jury trial, defendant was convicted as charged, and County Court sentenced him to five years of probation. Defendant now appeals, and we affirm.
Defendant challenges County Court's Batson ruling (see Batson v Kentucky, 476 US 79 [1986]), contending that the court failed to engage in the requisite three-step process following the People's use of peremptory challenges to remove all three prospective jurors of color from the first venire panel. Defendant failed to preserve this contention by rendering any objection with respect to County Court's Batson process at a time when it could have been meaningfully addressed (see People v Smocum, 99 NY2d 418, 423 [2003]; People v James, 99 NY2d 264, 271-272 [2002]; People v Thomas, 92 AD3d 1084, 1086 [2012]; People v Coleman, 5 AD3d 1074, 1075 [2004], lv denied 3 NY3d 638 [2004]; compare People v Grafton, 132 AD3d 1065, 1067 [2015], lvs denied 26 NY3d 1145, 1147 [2016]). Defendant also claims that the People failed to lay a proper foundation for the admission of a demonstrative video depicting the administration of the horizontal gaze nystagmus field sobriety test to an unknown and unrelated third-party individual. Although defendant objected to the video's admission on various grounds, [*2]no objection was made on this ground and, therefore, defendant's contention is unpreserved for review (see People v Button, 56 AD3d 1043, 1046 [2008], lv dismissed 12 NY3d 781 [2009]). In any event, defendant's argument is without merit. The jury was made aware of the demonstrative purpose of the video, that it did not actually depict defendant or the horizontal gaze nystagmus test that he was administered on the evening in question, and, therefore, given the context in which the video was offered, we would find that it "play[ed] a positive and helpful role in the ascertainment of truth" and did not serve to prejudice defendant in any respect (People v Acevedo, 40 NY2d 701, 704 [1976]; see People v Raucci, 109 AD3d 109, 122-123 [2013], lv denied 22 NY3d 1158 [2014]; People v Estrada, 109 AD2d 977, 978-979 [1985]).
Defendant's claim that County Court erred in limiting his cross-examination of the arresting police officer is unpersuasive. "'Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal'" (People v Collins, 126 AD3d 1132, 1133 [2015], lv denied 25 NY3d 1161 [2015], quoting People v Carroll, 95 NY2d 375, 385 [2000]; see People v Wynn, 149 AD3d 1252, 1255 [2017], lv denied 29 NY3d 1136 [2017]). "[W]hile the court may not deprive a party of the right to inquire into matters directly relevant to the principal issues of the case against him [or her]" (Feldsberg v Nitschke, 49 NY2d 636, 643 [1980] [internal quotation marks and citation omitted]), "[t]he general rule is that a party may not introduce extrinsic evidence on a collateral matter solely to impeach credibility" (People v Alvino, 71 NY2d 233, 247 [1987]; see People v Hahn, 159 AD3d 1062, 1066 [2018], lv denied 31 NY3d 1117 [2018]).
Here, defense counsel asked the arresting officer on cross-examination whether he had ever conducted a driving while intoxicated investigation where an individual failed all three standardized field sobriety tests but subsequently tested negative for drugs or alcohol, to which he replied, "Not that I can recall." Defense counsel then asked whether the officer recalled the specific arrest of another individual in 2009, to which question the People objected and County Court sustained the objection. We perceive no abuse of discretion in County Court's sustaining this objection and limiting the officer's cross-examination. To allow defense counsel to inquire into the specific circumstances of a 2009 arrest of another individual would have permitted inquiry into an irrelevant, collateral matter. Moreover, defendant was not prejudiced by the court's ruling, as defense counsel was ultimately permitted to pose a broader, less specific question with respect to whether it was possible that the officer had ever made a driving while intoxicated arrest where an individual failed all the standardized filed sobriety tests and thereafter tested below the legal limit for blood alcohol content, to which question the officer replied, "Possibly."[FN1] Thus, the import of defendant's line of questioning — i.e., that standardized field sobriety tests are not always an accurate indicator of intoxication — was placed before the jury and it was free to either accept or reject defendant's argument in this regard (see People v Collins, 126 AD3d at 1133).
Lastly, we agree with defendant that County Court erred by failing to provide a permissive adverse inference charge based upon the People's failure to preserve a copy of the booking room video on the night of defendant's arrest (see People v Handy, 20 NY3d 663, 669 [2013]; People v Kelly, 62 NY2d 516, 519-521 [1984]; see also People v Butler, 140 AD3d 1610, 1612 [2016], lvs denied 28 NY3d 969, 970 [2016]). Notwithstanding, given the strength of the evidence against defendant, coupled with the fact that the jury was made aware of the People's failure to preserve this video and defense counsel was thereafter permitted to comment upon said failure during his summation (see e.g. People v Blake, 105 AD3d 431, 431 [2013], affd 24 NY3d 78 [2014]), in our view, this error was harmless; under the circumstances, there was no significant probability that defendant would have been acquitted but for County Court's failure to provide a permissive adverse inference charge to the jury (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Butler, 140 AD3d at 1612; People v John, 288 AD2d 848, 849 [2001], lv denied 97 NY2d 705 [2002]).
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Ironically, at the time of his arrest, defendant himself refused to submit to a chemical test and, therefore, no test results were introduced at trial with regard to his blood alcohol content.