■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRENT PATTERSON, Also Known as ORVILLE WINCHESTER, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered July 11, 1991, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him to a term of 3-½ to 7 years, unanimously affirmed.

The motion court correctly concluded that the People had fulfilled their statutory duty under CPL 190.50 (5) (a) and (b) by making extensive efforts to honor defendant's cross-notice of his intention to testify before the grand jury. In effect, the ADA and trial counsel decided to forego the requirement that the People serve notice of a time and place to testify, and to arrange for a grand jury appearance over the telephone. Since the parties "agreed to depart from the statutorily prescribed procedure and chose to chart their own course" (Matter of Brockway v Monroe, 59 NY2d 179, 188), defendant should not be heard to complain that a date and time were not set when

trial counsel repeatedly failed to return the ADA's phone calls.

Defendant's current contention that he was denied his right to testify in the grand jury in that the prosecutor failed "to serve [him] with notice of the time and place he would be produced before the grand jury, as required by statute" is unpreserved. In his motion to dismiss, defendant never asserted that the prosecutor had failed to comply with CPL 190.50 (5) (b) by providing him with such notice, and never even hinted that his motion to dismiss was predicated upon such failure. Rather, he moved to dismiss "on the ground that the cross grand jury notice given in this case was not honored and the defendant was denied the opportunity to testify before the Grand Jury". The failure to preserve this issue is not, in this case, a matter of insignificance since the Supreme Court file contains an order, signed by a Judge of the Criminal Court at defendant's arraignment, directing that he be produced at the grand jury on that same day, and stating that January 12, the date of arraignment, "is the date defendant is scheduled to waive immunity and testify before the grand jury." The order also recites that it was entered upon notice to defendant's attorney. Thus, by failing to raise the claim that the People failed to give him the written notice required by CPL 190.50 (5) (b), defendant deprived the People of an opportunity to develop a record as to whether this order was served on defendant and whether it sufficed to satisfy the statute's requirements.

We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Asch and Rubin, JJ.