■ The People of the State of New York, Respondent, v Clinton King, Appellant. [702 NYS2d 1] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered December 1, 1997, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's motion to dismiss the indictment on the ground of alleged deprivation of his right to testify before the Grand Jury was properly denied. Although defendant made a timely dismissal motion pursuant to CPL 190.50 (5) (c), that motion did not assert his present claim that, despite his having given timely notice to the People of his desire to appear before the Grand Jury, the prosecution never notified him of the date and time of the Grand Jury presentation. This issue was not raised until a motion in the nature of renewal, made months after arraignment, and the court properly denied that motion on the ground that defendant failed to show good cause for omitting this issue from his original papers (see, *People v Ruth*, 260 AD2d 296, *lv denied* 93 NY2d 929; *Foley v Roche*, 68 AD2d 558, 568). Accordingly, we find the issue to be waived (see, *People v Patterson*, 189 AD2d 733, *lv denied* 81 NY2d 975). In any event, we find that defendant was duly produced at the Grand Jury by the Department of Correction and that the People made reasonable efforts to notify defense counsel as to when the case would be presented.

The court properly denied defendant's request to charge petit larceny as a lesser included offense of robbery in the third degree, since there is no reasonable view of the evidence that would have supported a finding that defendant committed petit larceny but not robbery. The complainant testified to a forcible theft, defendant testified that there was no theft at all, and the jury would have had no basis in the evidence upon which to find a non-forcible theft (see, *People v Ruiz*, 216 AD2d 63, *affd* 87 NY2d 1027).

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Friedman, JJ.