OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of murder in the second degree, criminal possession of a weapon in the third degree and assault in the second degree. On appeal to this Court by permission from a Justice of the Appellate Division, defendant contends that he was not afforded “a reasonable time to exercise his right to appear as a witness” before the Grand Jury in violation of CPL 190.50 (5) (a) because the District Attorney gave him only one and one-half days’ notice of the presentment date.
 

 CPL 190.50 (5) (a) does not mandate a specific time period for notice; rather, “reasonable time” must be accorded to allow a defendant an opportunity to consult with counsel and decide whether to testify before a Grand Jury. The concept of reasonableness is flexible and must be applied to the particular facts of a case as known at the time. Because this inquiry involves a mixed question of law and fact, where the determinations by courts with fact-finding authority are supported by the record they are beyond the further review of this Court
 
 (see, e.g., People v Harrison,
 
 57 NY2d 470, 477-478).
 

 
 *817
 
 Here, the record indicates that defendant was represented by counsel when he received oral and written notice of the presentment, and had conferred with his attorney on at least three occasions during the two days that preceded the presentment date. Defense counsel had an opportunity to learn of the relevant facts as he received a copy of the felony complaint together with the statement of an eyewitness to the incident, and he viewed and photographed the crime scene the day before the Grand Jury proceedings. Further, the only explanations offered by defendant in his request for a delay were that he was tired and that he had not received certain discovery materials (to which he was not entitled prior to the Grand Jury presentation). Based on these facts, the courts below concluded that defendant was afforded a meaningful opportunity to consult with counsel and to prepare for his possible testimony before the Grand Jury. On this record, we cannot say the notice provided was unreasonable as a matter of law.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.