■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMMY TAPSCOTT, Appellant. [755 NYS2d 352] —Appeal from a

judgment of Ontario County Court (Harvey, J.), entered January 30, 2002, convicting defendant upon his plea of guilty of, inter alia, offering a false instrument for filing in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of offering a false instrument for filing in the first degree (Penal Law former § 175.35), welfare fraud in the third degree (§ 158.15) and misuse of food stamps (Social Services Law § 147 [1] [a] [i]) in satisfaction of an 11-count indictment. By failing to move to withdraw her plea or to vacate the judgment of conviction, defendant failed to preserve for our review her contention that the plea allocution is factually insufficient (*see People v Lopez,* 71 NY2d 662, 665), and we conclude that the rare case exception to the preservation requirement does not apply here (*see id.* at 666; *People v DeJesus,* 248 AD2d 1023, *lv denied* 92 NY2d 878).

We further conclude that the sentence is neither unduly harsh nor severe. Defendant pleaded guilty with the knowledge that County Court intended to impose a sentence that included a term of imprisonment and a five-year term of probation. In imposing an intermittent sentence, the court took into account defendant's scheduling needs with respect to family, work, and education, and the term of imprisonment of 120 days is less than that referred to by the court at the time of the plea. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.