■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEN MALIK, Appellant. [775 NYS2d 41]—

Judgment, Supreme Court, New York County (Michael Obus, J., on dismissal motion; Laura Visitacion-Lewis, J., at suppression hearing, jury trial and sentence), rendered April 24, 2002, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's contention that the court never decided his motion to dismiss the indictment on the ground that he was deprived of his right to testify before the grand jury is unfounded since the transcript of the proceedings of July 9, 2001 reveals that the court considered and denied his motion. The record supports the court's decision, in that the People provided defendant's counsel with adequate notice of the date and time of the scheduled grand jury presentation. The People are not responsible for defendant's failure to remain in touch with his counsel (*People v Patterson,* 270 AD2d 120 [2000], *lv denied* 95 NY2d 801 [2000]).

Defendant's contention that the People never disclosed a daily activity report drafted by the arresting officer is unpreserved (*see People v Rogelio,* 79 NY2d 843 [1992]; *People v Rivera,* 78 NY2d 901 [1991]), and we decline to review it in the interest of justice. Were we to review this claim, we would conclude that the report was disclosed by the time of trial, since defense counsel referred to it during cross-examination of the officer. The fact that the People did not disclose the report at the suppression hearing, which defendant never sought to reopen, did not cause defendant any prejudice (*see* CPL 240.75).

Defendant's request to relieve counsel and for related relief is denied. Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.