■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD B. BALLARD, Appellant. [785 NYS2d 608]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 20, 2002, upon a verdict convicting defendant of the crime of attempted robbery in the second degree.

Defendant was involved in an attempted carjacking. He was arrested and charged by felony complaint with attempted robbery in the third degree. The People personally served a grand jury notice on defendant five days before presentment and mailed a copy of the notice to defense counsel. Counsel's copy apparently arrived the day before presentment. Defendant asserts that he desired to testify before the grand jury, but he and counsel could not discuss the matter because he was in the hospital the day before presentment when counsel visited the jail to see him. The grand jury handed up a two-count indictment charging defendant with attempted robbery in the first degree and attempted robbery in the second degree. Counsel timely moved for dismissal of the indictment based on a denial of defendant's opportunity to testify. County Court denied that motion. A jury convicted defendant of attempted robbery in the second degree. We affirm.

The prosecution gave defendant sufficient notice of presentment to the grand jury. CPL 190.50 (5) (a) requires the People to give defendant notice and accord him "a reasonable time to exercise his right to appear as a witness." Five days is a reasonable time (*compare People v Sawyer*, 96 NY2d 815 [2001] [1¹/₂ days' notice was reasonable]). Counsel's inability to contact defendant within that time does not render the People's notice unreasonable (*see People v Quinones*, 280 AD2d 559, 560 [2001]; *People v Choi*, 210 AD2d 495, 497 [1994], *lv denied* 85 NY2d 971 [1995]). As the prosecution never received written notice of defendant's intention to testify, it was proper for the People to present the case and obtain an indictment without defendant's participation (*see* CPL 190.50 [5] [a]; *People v Williams*, 301 AD2d 669, 670 [2003], *lv denied* 100 NY2d 544 [2003]).

Because an indictment was legally obtained despite defendant's desire to testify, he contends that counsel rendered ineffective assistance by failing to contact him to discuss whether he should testify or request an adjournment to permit her to

confer with defendant on that issue. Defense counsel's failure to notify the People of defendant's intention to testify before the grand jury, standing alone, does not amount to ineffective assistance (*see People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Gibson*, 2 AD3d 969, 973 [2003], *lv denied* 1 NY3d 627 [2004]).

We likewise reject defendant's argument that counsel was ineffective for failing to negotiate a plea bargain before indictment. The record does not contain information regarding any preindictment discussions between defendant and counsel, or between counsel and the prosecutor, rendering it impossible for us to determine whether any negotiations occurred or whether they were sufficient. The claim that counsel could have obtained a plea to a misdemeanor is entirely speculative based on this record, and would more appropriately be addressed through a CPL article 440 motion.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.