■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WATKINS, Appellant. [837 NYS2d 7]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., on CPL 190.50 [5] dismissal motion; Jeffrey M. Atlas, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentence), rendered March 30, 2004, convicting defendant of two counts each of burglary in the second degree, attempted burglary in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The People did not deprive defendant of his right to testify before the grand jury. The record supports the motion court's conclusion that defense counsel's actions were not diligent in arranging for her client's grand jury appearance. Counsel failed to return calls to the prosecutor; failed to call the prosecutor promptly after confirming that defendant wanted to testify; called the prosecutor's office to leave a message only after she had received a message indicating that the prosecutor was no longer at her office, but was on her way to the grand jury; and inexplicably waited in a courtroom, questioning clerks about the prosecutor's actions, knowing full well that the prosecutor had left the message that she was on her way to the grand jury. Under these circumstances, we conclude that the prosecutor's considerable and repeated efforts to contact defense counsel, even going so far as postponing the grand jury presentation on two occasions, more than met the People's statutory obligation to provide defendant with a reasonable and meaningful opportunity to testify before the grand jury. Moreover, in our view, defense counsel's deliberately dilatory and evasive conduct was nothing more than a blatant attempt to use the People's obligations under CPL 190.50 as an opportunity for gamesmanship,

conduct of which we strongly disapprove (*People v Crisp*, 246 AD2d 84, 86-87 [1998], *lv dismissed* 93 NY2d 898 [1999]; *see also People v Edwards*, 283 AD2d 219 [2001], *lv denied* 96 NY2d 918 [2001]). Nor do counsel's failures entitle defendant to a new trial on the ground of ineffective assistance (*see People v Wiggins*, 89 NY2d 872, 873 [1996]).

The hearing court properly denied defendant's suppression motion. Based on a combination of factors, the police had reasonable suspicion justifying a stop. Defendant was the only person present in the area of a burglary, which area had been sealed off; he was wearing a red apron under a raincoat, where the perpetrator had been described as wearing a red jacket; he attempted to walk away from the officer, and he was inappropriately dressed for the warm sunny weather, suggesting an effort to conceal the identifying red garment (*see People v Daniels*, 304 AD2d 478 [2003], *lv denied* 100 NY2d 593 [2003] [reasonable suspicion found where nervous-acting suspects appeared to have switched described clothing to foil identification]).

In any event, there would be no basis for reversal because no suppressible fruits of that stop were introduced at trial. After the stop, and a showup in which one of the burglary victims failed to make an identification, the police obtained defendant's pedigree information for administrative purposes and released him. The police subsequently developed a chain of evidence connecting defendant to multiple burglaries and arrested him at a parole office. The officer's testimony about what he saw defendant wearing immediately before the initial stop, and prior to any allegedly illegal police conduct, was not suppressible (*see People v Mackey*, 5 AD3d 136, 138 [2004], *lv denied* 3 NY3d 643 [2004]). Although the ultimate arrest yielded various fruits, including physical evidence and a lineup identification, none of these were fruits of the initial stop. Even assuming that the officer's observation of defendant's attire at the time of the stop contributed to the chain of evidence forming probable cause for his arrest, those observations, as noted, are not suppressible. When the officer took the pedigree information, this was not an element of probable cause for the arrest, but was information that helped the police locate defendant. Defendant "is not himself a suppressible 'fruit,' and the [alleged] illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct" (*United States v Crews*, 445 US 463, 474 [1980]). The principal element of probable cause for defendant's arrest was the fact that he left his cell

phone at the scene of one of the burglaries, a fact that had nothing to do with the allegedly unlawful stop.

Defendant's Confrontation Clause claim relating to a business record, and his constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Defendant's pro se arguments are without merit. Concur—Saxe, J.P., Sullivan, Nardelli, Gonzalez and Kavanagh, JJ.