[850 NYS2d 59]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MENASHE SHEMESH, Respondent.

First Department, January 15, 2008

### APPEARANCES OF COUNSEL

*Robert M. Morgenthau, District Attorney*, New York City (*Frank Glaser* of counsel), for appellant.

*Arnold J. Levine*, New York City, for respondent.

### OPINION OF THE COURT

WILLIAMS, J.

The issue on this appeal is whether the motion court correctly dismissed the indictment on the ground that defendant was wrongfully deprived of his right to testify before the grand jury. CPL 190.50 (5) (a) provides in pertinent part:

> "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment . . . he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. . . . In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein."

"The concept of reasonableness is flexible and must be applied to the particular facts of a case as known at the time" (*People v Sawyer*, 96 NY2d 815, 816 [2001]).

In January 2006 in Manhattan Criminal Court, defendant was convicted of reckless driving and reckless endangerment, despite having testified on his own behalf. On March 16, 2006 he was sentenced to a conditional discharge and 10 days of community service, instead of the 60 days concurrent with three years' probation that the prosecutor sought. The prosecutor, who believed that defendant had lied at trial, then decided to seek a perjury indictment. The particular facts at issue occurred in the three-week period between March 28 and April 18, 2006. It should be noted from the outset that the holidays of Passover (April 13-20) and Good Friday (April 14) fell during that period and that defendant is an observant Jew who had recently emigrated from Israel.

On March 28, defendant duly served notice on the prosecutor that he intended to appear and testify before the grand jury. That same day the prosecutor advised defendant in writing that he would have an opportunity to testify on April 11. On the following day, defendant's counsel again contacted the prosecutor to advise him that defendant would be unavailable to testify on April 13 and 14 due to his Passover observance. On that same day, the prosecutor immediately responded in writing that defendant would be allowed to testify on either April 10, 11 or 12. Subsequently, defendant experienced two changes of counsel over the next two weeks, due to no apparent fault on his part. However, each new counsel promptly contacted the prosecutor and reiterated defendant's desire to testify and religious constraints in scheduling his testimony. In an April 11 conversation, after the grand jury docket that day had proven too crowded to allow the prosecutor to appear on defendant's case, counsel and the prosecutor agreed that defendant would testify on April 18. Later in the afternoon of April 11, counsel was advised that due to defendant's religious beliefs, he would be unavailable to testify until the day after Passover, April 21, which was also the last day of the grand jury term. Counsel immediately contacted the prosecutor by voice message, followed the next day by faxed letter requesting that date. Meanwhile, the prosecutor had faxed counsel a letter confirming the April 18 date. When counsel heard nothing further by April 17, he contacted the prosecutor's supervisor and told him defendant could not testify on the 18th. The supervisor declined to change the date. On April 18, defendant did not appear before the grand jury and the prosecutor completed his presentation of defendant's case (which he had begun on March 30) without defendant's testimony. The prosecutor then submitted the case for a vote, and the panel voted to indict.

Defendant subsequently moved to dismiss the indictment on grounds that the People's conduct violated his right to testify before the grand jury by forcing him to choose between it and his free exercise of religion. The People opposed, arguing, among other things, that the statute does not give defendant the right to choose the dates and that the People gave notice of the opportunity to testify on three different dates before Passover, which met their statutory duty to provide him a reasonable time to exercise his right to testify; that as per the submitted affidavit of a self-described Orthodox rabbi, Jewish law did not prohibit defendant's traveling and testifying on the intermedi-

ate days of Passover, such as April 18; and that defendant's cell phone records showing calls made and received on the first two and last two days of Passover and on the Sabbath indicated that he was not as devout an observer of Passover as he claimed.

Upon review of the record, it appears that the indictment was correctly dismissed with leave to re-present. Under these unique circumstances, i.e., the narrow time frame wherein defendant had to obtain satisfactory new counsel and the onset of the eight-day religious festival, the People did not offer defendant a reasonable or meaningful opportunity to testify before the grand jury. Contrary to the People's contention, the record shows no lack of diligence by defendant in obtaining new counsel or by his successive counsels in communicating with the prosecutor in efforts to schedule defendant's testimony, and that the tenor of counsels' conduct was cooperative, not dilatory or evasive. Thus, this case is readily distinguishable from cases such as *People v Watkins* (40 AD3d 290, 290 [2007], *lv denied* 9 NY3d 870 [2007] [dismissal properly denied where defense counsel's conduct in scheduling defendant's grand jury appearance found to be "deliberately dilatory and evasive"]), *People v Brown* (32 AD3d 737 [2006], *lv denied* 8 NY3d 844 [2007] [dismissal properly denied where defense counsel failed to make his whereabouts known to prosecutor on morning presentment was completed and never explained his failure to timely appear]), *People v Malik* (6 AD3d 313 [2004], *lv denied* 3 NY3d 709 [2004] [dismissal properly denied where defendant missed scheduled grand jury appearance due to failure to remain in contact with counsel]), *People v Edwards* (283 AD2d 219 [2001], *lv denied* 96 NY2d 918 [2001] [dismissal properly denied due to inadequacy of defense counsel's communications with prosecutor in the scheduling of defendant's grand jury appearance]) and *People v Patterson* (189 AD2d 733, 734 [1993], *lv denied* 81 NY2d 975 [1993] [dismissal properly denied where "counsel repeatedly failed to return the ADA's phone calls" in effort to schedule defendant's grand jury appearance]).

The People insisted that defendant testify on a date that conflicted with his professed religious obligations, even though a date was available that came after the end of defendant's period of religious observance (April 21). The People did not establish that there was anything unsuitable about the April 21 date. They err in contending that it was Good Friday and would thus present additional scheduling problems; as noted, Good Friday was April 14. Although the People had originally offered three

possible dates that preceded the religious festival at issue, the record establishes that defendant's failure to testify on any of those dates is not attributable to defendant or any of his attorneys. Indeed, April 11 and 12 were proven to be unsuitable choices, since as the last two grand jury dates before Passover and Good Friday, they were heavily scheduled and the prosecutor found it impossible to present defendant's lesser-priority case (no CPL 180.80 or 30.30 issues involved) on those dates.

The motion court properly declined to inquire into whether defendant correctly perceived his religious obligations or consistently observed them (see Thomas v Review Bd. of Indiana Employment Security Div., 450 US 707, 715-716 [1981]; Lightman v Flaum, 97 NY2d 128, 137 [2001], cert denied 535 US 1096 [2002]), there was no evidence that his claim was insincere (compare People v Cooke, 292 AD2d 167 [2002], lv denied 98 NY2d 636 [2002]), and the People failed to show a compelling state interest warranting the imposition of a burden on his religious practice (see Thomas, 450 US at 718).

Given the foregoing, as well as the motion court's grant of leave to re-present before another grand jury, we see no basis for disturbing its order. A flexible application of the concept of reasonableness to the particular facts before us, as per Sawyer, cuts in favor of defendant, who sought nothing more than to exercise his statutory right to testify before the grand jury consistent with his federal and state constitutional rights to representation by counsel of his choice and the free exercise of his religion. He was forthright and diligent in addressing these issues, and there was no apparent intention to be evasive, uncooperative or to act in bad faith, nor did his conduct effect a waiver of his right.

Accordingly, the order of the Supreme Court, New York County (Michael J. Obus, J.), entered on or about July 27, 2006, which granted defendant's motion to dismiss the indictment, with leave to re-present, should be affirmed.

KAVANAGH, J. (dissenting). Defendant was charged by indictment with perjury in the first degree (Penal Law § 210.15) for allegedly giving sworn false testimony at a trial wherein he was charged and later convicted of reckless endangerment in the second degree and reckless driving. Upon defendant's motion, the indictment was dismissed because the trial court found that defendant had effectively been denied his right to testify before the grand jury.

A defendant charged with a crime has a conditional right to appear and give testimony before a grand jury (CPL 190.50 [5]). Once a written request to that effect has been served on the District Attorney, the defendant must be given a reasonable and meaningful opportunity by which he or she can exercise this right and appear before the grand jury (*see People v Sawyer*, 96 NY2d 815, 816 [2001]). However, a defendant and counsel are obligated to cooperate with the prosecution in making the necessary arrangements for the defendant's appearance, and if a defendant fails to appear despite receiving reasonable notice of the time and date for this appearance, he cannot complain that the People failed to meet their obligations under CPL 190.50 (*People v Watkins*, 40 AD3d 290 [2007], *lv denied* 9 NY3d 870 [2007]; *People v Brown*, 32 AD3d 737 [2006], *lv denied* 8 NY3d 844 [2007]; *People v Malik*, 6 AD3d 313 [2004], *lv denied* 3 NY3d 709 [2004]).

Defendant and his counsel were, it is agreed, given at least 12 days notice of three separate dates on which defendant could appear before the grand jury, and defendant failed to agree to any of them. In fact, in the four-week period this matter was pending before the grand jury began, defendant was given a total of four separate dates from which to choose to make his appearance, and he chose none of them. Specifically, defendant concedes being initially notified on March 29, 2006 that he could appear and testify before the grand jury on either Monday, April 10, Tuesday, April 11, or Wednesday, April 12. This notice was reiterated in letters sent to defendant's counsel dated April 4 and 7. The first notice that the District Attorney received from defendant or any of his numerous legal representatives that these dates were not acceptable came in the form of a voice mail left at the District Attorney's office at 5:45 P.M. on Monday, April 10, 2006.* At that time, defendant notified the District Attorney that he could not appear on April 13 because of a religious holiday. No mention was made, nor was any explanation offered, why Tuesday, April 11 or Wednesday, April 12, would not have been acceptable dates for defendant's appearance. Contrary to the assertion made by the majority, the record does not establish "that defendant's failure to testify on any of those dates is not attributable to defendant or any of his attorneys." In fact, defendant bears sole responsibility for not be-

---

* During the four-week period when this matter was pending, defendant was represented by no less than three separate counsel, the last apparently being retained on Monday, April 10, 2006. No explanation has been offered for the last change in counsel by defendant.

ing able to appear on any of the dates as designated by the District Attorney.

His belated notification that none of these dates was acceptable, as well as his offer to appear on the final day of the grand jury's term, raises a legitimate question as to whether he was making a good faith effort to cooperate with the District Attorney in attempting to arrange a date for which he could appear. In any event, the inescapable conclusion that must be drawn from these facts is that defendant was given a meaningful opportunity to exercise his right to appear before the grand jury, and that by failing to appear on any of the designated dates, he chose not to exercise this right. As such, the order dismissing the indictment should be reversed, defendant's motion to dismiss the indictment should be denied, and the indictment reinstated.

TOM, J.P., and BUCKLEY, J., concur with WILLIAMS, J.; McGUIRE and KAVANAGH, JJ., dissent in a separate opinion by KAVANAGH, J.

Order, Supreme Court, New York County, entered on or about July 27, 2006, affirmed.