THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE PARKER, Appellant. [882 NYS2d 27]—

Judgment, Supreme Court, New York County (Micki Scherer, J., on motion; John Cataldo, J., at jury trial and sentence), rendered May 10, 2007, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, affirmed.

The court properly denied defendant's CPL 190.50 motion to dismiss the indictment, made on the ground that defendant was deprived of his right to testify before the grand jury. The People afforded defendant a reasonable opportunity to testify and any failure was due to defense counsel's lack of cooperation in effectuating that opportunity, by refusing to confirm with the prosecutor that defendant actually would testify, not checking her cell phone messages after giving the prosecutor that number as her contact number, and not even attempting to speak to defendant about whether or not he would testify until it was too late (*see People v Watkins*, 40 AD3d 290 [2007], *lv denied* 9 NY3d 870 [2007]; *People v Jackson*, 298 AD2d 144 [2002], *lv denied* 99 NY2d 582 [2003]). The record establishes that defense counsel wished to interview her client, and that there was no need for the People to bring defendant from the court pens to the grand jury room until that interview took place.

Defendant did not preserve his Confrontation Clause claim. A police witness testified that he showed defendant's wife a gold

medallion taken during the robbery, and that she did not recognize it as belonging to her husband. Although defendant made general objections, and there were unrecorded discussions whose contents are unknown, the first point in the trial at which defendant made a specific claim was in a mistrial motion made after summations. We find this belated motion insufficient to preserve the issue (*see People v Narayan*, 54 NY2d 106, 114 [1981]; *People v Kello*, 267 AD2d 123 [1999], *affd* 96 NY2d 740 [2001]; *cf. People v Ortiz*, 54 NY2d 288, 292 n 3 [1981]), and we decline to review it in the interest of justice. As an alternative holding, we find that the testimony was admissible not for its truth, but for the legitimate nonhearsay purpose of explaining the officer's actions in continuing to detain defendant, rather than the complainant, after defendant told the officer that he was the actual victim, and that the medallion was his (*see People v Tosca*, 98 NY2d 660 [2002]). This was particularly significant, because one of the issues the defense raised at trial was the adequacy of the police investigation. Further, regardless of the admissibility of this evidence, the drastic remedy of a mistrial, the only remedy requested, would have been inappropriate. Any error regarding either the admission of, or the prosecutor's summation comments on, this evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Saxe, J.P., Friedman, Moskowitz and Richter, JJ.

Freedman, J., dissents in a memorandum as follows: I would reverse the conviction based on the trial court's admission of clearly testimonial hearsay evidence and permission for the People to sum up on that evidence despite repeated objections by defense counsel.

Defendant was convicted of one count of robbery in the third degree (Penal Law § 160.05) pursuant to the following scenario. The complaining witness, a 22 year old who had been released from prison about a year before, averred that he was walking with a friend after leaving his job at a bodega at 1:00 A.M. Shortly after he and the friend parted, defendant attacked him and grabbed a white gold chain with a Jesus medallion from around his neck that the complainant claimed to have purchased for $850 during the past year pursuant to a layaway plan. He yelled that someone had robbed him, and acquaintances who were still on the street immediately appeared and chased defendant, wrestled him to the ground and caused him to bleed. Defendant then got away and ran into a nearby bodega, bleeding and claiming that he had been robbed, and pleaded with the owner to call the police. Defendant then grabbed a knife and ran to an ambulance parked nearby, even though he lived in the neighborhood.

The complainant flagged down a police car, telling the officers that he had been robbed of his Jesus medallion and part of his chain, and that the robber had run to a nearby ambulance. One of the police officers, Lenno Hendricks, entered the ambulance, saw the injured defendant and a knife on the floor, and arrested, handcuffed and searched him. Defendant told Hendricks that it was he who had been robbed, but the officer recovered the Jesus medallion and broken chain from defendant's pocket. Both complainant and defendant were taken to St. Luke's Hospital for treatment of injuries, each claiming that the medallion was his and that he had been attacked and robbed by the other.

Police Officer Hendricks testified at trial that when defendant's wife arrived in his hospital room, defendant asked his wife to bring receipts and then "kept telling his wife to take the pendant" from the police, but she "didn't know what he was talking about." Over repeated objections, he testified that defendant's wife "became irate with him," and that when the officer showed her the medallion and asked if she recognized it as belonging to her husband, she said "no." The trial court admitted the officer's testimony concerning defendant's wife's statement on the ground that it was admissible for the nonhearsay purpose of explaining why the officer, having already arrested defendant, continued to detain him. Although the record does not reflect the reason for defense counsel's objection, it is obvious that the testimony constituted hearsay. In his summation, the prosecutor then made much of defendant's wife's failure to recognize the medallion. Again, defense counsel objected repeatedly and approached the bench, but the objections were overruled. The following day, counsel moved for a mistrial on the ground that the testimony was admitted in violation of the Confrontation Clause (see Davis v Washington, 547 US 813 [2006]; Crawford v Washington, 541 US 36 [2004]).

The majority finds that defendant did not preserve his Confrontation Clause claim because he only made general objections, and what was said at the bench was unrecorded. The first point at which an objection based on the Confrontation Clause was recorded was after summations. Although Confrontation Clause claims must be preserved separately from common-law hearsay objections (People v Kello, 96 NY2d 740, 743 [2001]), the repeated objections, followed by a bench conference immediately after the offer of what was clearly hearsay, suffice to preserve the objection. Even were there some basis for admitting the hearsay during the trial, ostensibly to complete a narrative, there was absolutely no basis for allowing the prosecution to continue using it during summation for the clear purpose

of substantiating the contention that the medallion did not belong to defendant; ownership of the medallion was the key issue at the trial. While there was other evidence that the complainant possessed a pendant or medallion—specifically, what the defense calls a not very clear photograph allegedly taken at an unspecified time before the incident, showing him wearing a medallion or pendant—he produced no documentary evidence of this $850 item supposedly purchased on a layaway plan within the year prior to this incident. The photograph was not made a part of the record.

The majority also avers that any error in admitting and allowing repetition of the hearsay constituted harmless error, but this Court has held otherwise when a key issue was involved and the prosecutor emphasized the testimony during summation (*see People v Woods*, 9 AD3d 293 [2004]). For an error involving the Confrontation Clauses of the Sixth Amendment to the United States Constitution and article I, § 6 of the New York Constitution to be harmless, it must be shown that it was harmless beyond a reasonable doubt (*People v Goldstein*, 6 NY3d 119, 129 [2005], *cert denied* 547 US 1159 [2006], citing *Chapman v California*, 386 US 18, 24 [1967]). Even where, as here, there was significant evidence of defendant's guilt without the testimonial hearsay, the evidence was not so overwhelming as to support a finding that its admission was harmless because it involved the main issue in the case, namely, who owned the medallion (*id.*).