◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. MARVIN, JR., Appellant. (Appeal No. 1.) [891 NYS2d 824]—

Memorandum: In these consolidated appeals, defendant appeals from judgments convicting him upon his pleas of guilty of, inter alia, two counts of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to the contention of defendant in each appeal, County Court properly refused to suppress his written statement to the police. The record of the suppression hearing supports the court's determination that the waiver by defendant of his *Miranda* rights was knowing, voluntary and intelligent. Although defendant contends that he was intoxicated at the time he waived those rights, there is no indication in the record of the suppression hearing that he " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *see People v Lake*, 45 AD3d 1409, 1410 [2007], *lv denied* 10 NY3d 767 [2008]).

In each appeal, defendant failed to preserve for our review his further contentions that his plea was not knowingly, voluntarily and intelligently entered (*see People v Johnson*, 60 AD3d 1496, 1496 [2009], *lv denied* 12 NY3d 926 [2009]), and that the plea

allocution was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Tapscott*, 302 AD2d 918 [2003]). There is no indication in the record that the narrow exception to the preservation doctrine applies herein (*see Lopez*, 71 NY2d at 666). By failing to request a hearing or otherwise challenge the amount of restitution ordered at sentencing, defendant also failed to preserve for our review his contention in appeal No. 1 with respect to the restitution ordered (*see People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]). We decline to exercise our power to review defendant's contention with respect to the restitution ordered as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence imposed in each appeal is not unduly harsh or severe. Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.