allocution was factually insufficient (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Tapscott*, 302 AD2d 918 [2003]). There is no indication in the record that the narrow exception to the preservation doctrine applies herein (*see Lopez*, 71 NY2d at 666). By failing to request a hearing or otherwise challenge the amount of restitution ordered at sentencing, defendant also failed to preserve for our review his contention in appeal No. 1 with respect to the restitution ordered (*see People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]). We decline to exercise our power to review defendant's contention with respect to the restitution ordered as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence imposed in each appeal is not unduly harsh or severe. Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. MARVIN, JR., Appellant. (Appeal No. 2.) [890 NYS2d 870]

Same memorandum as in *People v Marvin* (68 AD3d 1729 [2009]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. MARVIN, JR., Appellant. (Appeal No. 3.) [890 NYS2d 871]

Same memorandum as in *People v Marvin* (68 AD3d 1729 [2009]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP L. MURPHY, JR., Appellant. [890 NYS2d 871]—