■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY BUCALA, Appellant. [902 NYS2d 358]—Judgment, Supreme Court, New York County (Rena K. Uviller, J., at dismissal motion; Gregory Carro, J., at jury trial and sentencing), rendered July 17, 2007, convicting defendant of grand larceny in the second degree and criminal possession of stolen property in the third degree, and sentencing her to a term of 5 years' probation with restitution in the amount of $30,000, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The only rational explanation for the long chain of circumstantial evidence is that defendant intentionally participated in the theft (see e.g. People v Bierenbaum, 301 AD2d 119, 131-140 [2002], lv denied 99 NY2d 626 [2003], cert denied 540 US 821 [2003]).

The challenged portion of the People's summation drew reasonable inferences from the evidence and was responsive to the defense summation (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]).

Defendant was not deprived of her right to testify before the grand jury. The record supports the motion court's finding that the People accorded defendant a reasonable opportunity to testify, and that her failure to do so resulted from her attorney's lack of cooperation in scheduling an appearance (see People v Patterson, 189 AD2d 733 [1993], lv denied 81 NY2d 975 [1993]). Concur—Tom, J.P., Mazzarelli, Sweeny, Freedman and Abdus-Salaam, JJ.