# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

873

KA 09-00175

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BERNARD DASHER, ALSO KNOWN AS WILLIAM DASHER,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BERNARD DASHER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Joseph D. Valentino, J.), rendered January 9, 2009. The judgment
convicted defendant, upon a jury verdict, of murder in the second
degree and criminal possession of a weapon in the second degree (two
counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of murder in the second degree (Penal Law § 125.25
[1]) and two counts of criminal possession of a weapon in the second
degree (§ 265.03 [1] [b]; [3]). We reject defendant's contention that
Supreme Court erred in refusing to suppress his statements to the
police. The evidence presented at the suppression hearing supports
the court's determination that defendant knowingly, voluntarily and
intelligently waived his *Miranda* rights. Contrary to defendant's
contention, the record of the suppression hearing does not establish
that he was under the influence of medication at the time he waived
those rights "to the degree of mania, or of being unable to understand
the meaning of his statements" (*People v Schompert*, 19 NY2d 300, 305,
*cert denied* 389 US 874; *see People v Peterkin*, 89 AD3d 1455, 1455, *lv
denied* 18 NY3d 885; *People v Marvin*, 68 AD3d 1729, 1729, *lv denied* 14
NY3d 842). We reject defendant's contention that medically-induced
intoxication requires application of the police-induced intoxication
rule set forth in *Schompert* (19 NY2d at 305-307), and instead conclude
that medically-induced intoxication should be evaluated under the
self-intoxication standard referenced above (*see id.; see also People
v Adams*, 26 NY2d 129, 137, *cert denied* 399 US 931). Contrary to the

contention of defendant in his pro se supplemental brief, we conclude that he was not denied his right to testify before the grand jury (*see People v Ballard*, 13 AD3d 670, 671, *lv denied* 4 NY3d 796; *see also People v Parker*, 63 AD3d 537, 537).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court