The People of the State of New York, Respondent, v Christopher Daniels, Appellant. [21 NYS3d 75]—

Judgment, Supreme Court, Bronx County (William McGuire, J., at dismissal motion; Ralph Fabrizio, J., at jury trial and sentencing), rendered June 20, 2013, convicting defendant of assault in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant inflicted severe stab wounds which, among other things, penetrated the victim's lung and caused a dangerous leakage of air. There was nothing speculative about the People's medical expert's opinion that these injuries created a substantial risk of death. Accordingly, the element of serious physical injury was satisfied (*see* Penal Law § 10.00 [10]; *People v Rodriguez*, 2 AD3d 284, 285 [1st Dept 2003], *lv denied* 2 NY3d 745 [2004]; *People v Gordon*, 257 AD2d 533 [1st Dept 1999], *lv denied* 93 NY2d 899 [1999]).

The court properly declined to submit third-degree assault as a lesser included offense. There was no reasonable view of

the evidence, viewed most favorably to defendant, that he only struck the victim with his fists, while the stab wounds were inflicted by an unidentified man at the scene. The victim's integrated and unimpeached testimony (*see People v Negron*, 91 NY2d 788, 792-793 [1998]) was that the unidentified man stood 10 to 15 feet away during the attack, and never participated.

The court properly denied defendant's motion to dismiss the indictment, alleging denial of his right to testify before the grand jury. The record establishes that the People afforded defendant a reasonable opportunity to testify by, among other things, repeatedly adjourning the grand jury presentation over a period of several weeks in order to accommodate him (*see e.g. People v Watkins*, 40 AD3d 290, 290-291 [1st Dept 2007], *lv denied* 9 NY3d 870 [2007]; *People v Brown*, 32 AD3d 737 [1st Dept 2006], *lv denied* 8 NY3d 844 [2007]).

The court properly exercised its discretion in receiving evidence that approximately a month before the charged crime there was an altercation involving the victim, the victim's cousin, defendant and other persons, in which a person other than defendant shot the victim's cousin. This evidence helped to explain why defendant suddenly attacked the victim a month later, and bears on the victim's ability to identity defendant as his attacker as well. Accordingly, this evidence "was relevant for . . . purpose[s] other than defendant's criminal propensity" (*People v Leeson*, 12 NY3d 823, 826-827 [2009]), and any prejudice was minimized by the court's thorough instructions, both during the testimony of the complaining witness and in the court's charge to the jury.

At sentencing, defendant was not deprived of effective assistance of counsel by the position counsel took on defendant's procedurally defective and patently meritless pro se motion. We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Gische and Kapnick, JJ.