■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMEON JONES, Appellant. [61 NYS3d 495]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 9, 2014, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly declined to charge petit larceny as a lesser included offense of fourth-degree grand larceny, because it was not supported by a reasonable view of the evidence, viewed most favorably to defendant. Defendant's theory that he took the victim's phone from an otherwise-empty subway seat was speculative, unsupported by any trial evidence, and contrary to a police officer's testimony that defendant took the phone from the victim's pocket (*see People v Vataj*, 107 AD3d 610 [1st Dept 2013], *lv denied* 21 NY3d 1077 [2013]; *People v Holloway*, 45 AD3d 477 [1st Dept 2007], *lv denied* 10 NY3d 766 [2008]). Furthermore, a finding that defendant committed petit larceny would have necessarily depended on that officer's testimony,

and a reasonable view of the evidence cannot be based on "selective dissection" of a witness's "integrated testimony" (*People v Rivera*, 23 NY3d 112, 121 [2014]).

Defendant's remaining claims are unpreserved (*see People v Parker*, 63 AD3d 537, 538 [1st Dept 2009]), and we decline to review them in the interest of justice. As an alternative holding, we find that the prosecutor properly elicited testimony from the arresting officers about "lush workers" who steal from sleeping subway passengers (*People v Linton*, 139 AD3d 416 [1st Dept 2016], *lv denied* 28 NY3d 933 [2016]; *People v Bright*, 111 AD3d 575 [1st Dept 2013], *lv denied* 22 NY3d 1137 [2014]), and that the challenged portions of the prosecutor's opening statement and summation, while inappropriate, present no basis for reversal (*see People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]; *People v Black*, 110 AD3d 569 [1st Dept 2013], *lv denied* 23 NY3d 1059 [2014]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.