■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM J. NASH, Appellant. [928 NYS2d 611]—

Malone Jr., J.

In July 2007, the victim (born in 1992) reported to police that defendant, then 29 years old and a family member, had engaged in sexual intercourse with her. Defendant was thereafter indicted for rape in the first degree, rape in the third degree, sexual misconduct and endangering the welfare of a child. Following a jury trial, defendant was convicted of rape in the third degree, sexual misconduct and endangering the welfare of a child and was subsequently sentenced to an aggregate prison term of four years, to be followed by five years of postrelease supervision. Defendant appeals.

Contrary to defendant's contention, the convictions are supported by the weight of the evidence. The victim testified at trial and described in detail an incident during which defendant had engaged in sexual intercourse with her. Other evidence established that, at the time of the incident, the victim was 15 years old and defendant was 29 years old (*see* Penal Law § 130.25 [2]). Defendant testified in his own defense and denied that he had ever engaged in sexual intercourse with the victim. Although no medical evidence was available to corroborate the victim's testimony that sexual intercourse had occurred, the absence of such evidence was adequately explained (*see People v Kelly*, 270 AD2d 511, 511-512 [2000], *lv denied* 95 NY2d 854 [2000]). Moreover, the fact that the jury found defendant not guilty of rape in the first degree does not, as defendant urges, necessarily indicate that the jury disbelieved the victim's account of the incident, particularly considering that, unlike rape in the third degree (*see* Penal Law § 130.25 [2]) or sexual misconduct (*see* Penal Law § 130.20 [1]), rape in the first degree requires proof of forcible compulsion (*see* Penal Law § 130.35 [1]). After considering all of the proof, and according great deference to the jury's credibility determinations, it cannot be said that the verdict here was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Wagner*, 72 AD3d 1196, 1197 [2010], *lv denied* 15 NY3d 779 [2010]).

Defendant next contends that County Court improperly permitted evidence of prior bad acts to be introduced at trial. The evidence in question was testimony that, two days before the incident, defendant had intentionally walked into a bathroom occupied by the victim, who was clad only in her underwear, and testimony by an individual who claimed to have witnessed inappropriate physical interactions between defendant and the victim. It is not disputed that this evidence was admissible as relevant to the non-propensity purpose of

establishing the nature of the relationship between defendant and the victim and for establishing the context for the alleged rape (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]). Rather, defendant alleges that the court failed to adequately weigh the probative value of this evidence against its prejudicial effect. Although the court could have been more explicit in its ruling, a review of the record demonstrates that, during the combined *Molineux-Sandoval* inquiry, the court, defense counsel and the prosecutor were all aware of the proper legal standard and, after considering separately each bad act sought to be introduced by the People, the court excluded some bad acts after finding that the prejudicial effect outweighed the probative value (*see People v Tyrell*, 82 AD3d 1352, 1355-1356 [2011]). Contrary to defendant's contention, the fact that limiting instructions were not given by the court to the jury at the time the contested evidence was introduced at trial is not reversible error in this case. Defendant did not request such instructions from the court and, under the circumstances presented here, any prejudice that resulted from the introduction of the evidence was sufficiently mitigated when the court gave cautionary instructions to the jury at the close of trial, informing it that the evidence had been introduced for a very limited purpose and was not permitted to be used by it as proof that defendant had committed the crimes with which he was charged (*see People v Santarelli*, 49 NY2d 241, 254 [1980]; *People v Meseck*, 52 AD3d 948, 950 [2008], *lv denied* 11 NY3d 739 [2008]; *cf. People v De Fayette*, 16 AD3d 708, 709 [2005], *lv denied* 4 NY3d 885 [2005]; *compare People v Greene*, 306 AD2d 639, 642-643 [2003], *lv denied* 100 NY2d 594 [2003]).

Defendant's remaining contentions, including his claims that he was denied the effective assistance of counsel and the sentence imposed is harsh and excessive, are not persuasive.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.