THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABU KHAN, Appellant. [931 NYS2d 393]—

The Supreme Court providently exercised its discretion in permitting the prosecution to elicit evidence that the defendant, charged with sexually touching the younger-than-11-year-old victim from 1997 to 2000 while the family lived in Queens, and with one rape of the victim in Queens in November 2004, raped the victim on frequent occasions between 2001 and 2004 while the family lived in Florida. The evidence was properly admitted to demonstrate the defendant's pattern of escalating sexual conduct toward the victim during the period between the charged crimes, and as relevant background information to enable the jury to understand the defendant's relationship with the victim and to place the events in question in a believable context, particularly since the defendant raised the issue of the victim's delayed disclosure of the charged criminal conduct (*see*

*People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Haidara*, 65 AD3d 974 [2009]; *People v Cardona*, 60 AD3d 493, 493-494 [2009]; *People v Workman*, 56 AD3d 1155, 1156-1157 [2008]; *People v Rosario*, 34 AD3d 370 [2006]). Moreover, the probative value and the need for the evidence outweighed any potential prejudice to the defendant, particularly in light of the Supreme Court's limiting instruction to the jury as to the proper use of the uncharged crimes evidence (*see People v Cook*, 93 NY2d 840, 841 [1999]; *People v Holden*, 82 AD3d 1007, 1008 [2011]; *People v Rock*, 65 AD3d 558, 559 [2009]; *People v Melendez*, 8 AD3d 680, 681 [2004]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting into evidence two photographs depicting the victim at ages five and seven to illustrate the victim's age when the sexual contact allegedly began and to corroborate testimony regarding the change in the victim's physical appearance (*see People v Stevens*, 76 NY2d 833, 835-836 [1990]; *People v Sampson*, 67 AD3d 1031, 1032 [2009]). The fact that there was other evidence available with respect to these matters did not require the exclusion of the photographs (*see People v Stevens*, 76 NY2d at 835-836; *People v Hamilton*, 66 AD3d 921, 922 [2009]). Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.