■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD GOPAUL, Appellant. [977 NYS2d 366]—

Appeal by the defendant from a judgment of the County Court, Nassau County (McCormack, J.), rendered July 15, 2009, as amended November 30, 2009, convicting him of sexual abuse in the first degree (14 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress his statement to law enforcement officials and certain physical evidence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contention, raised in his main brief and in point I of his pro se supplemental brief, the County Court properly denied those branches of his omnibus motion which were to suppress his statements to law enforcement officials and certain physical evidence. The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Tandle*, 71 AD3d 1176, 1178 [2010]; *People v Baliukonis*, 35 AD3d 626, 627 [2006]). The record supports the County Court's determination that the defendant's written and videotaped statements were made after he voluntarily, knowingly, and intelligently waived his constitutional rights, and were not the product of coercion (*see People v McCray*, 33 AD3d 817, 818 [2006]; *People v Leftenant*, 22 AD3d 603, 604 [2005]). Moreover, the record supports the court's determination that

the defendant voluntarily and knowingly consented to the search of his home and vehicle.

The defendant's contention, raised in his main brief and in point II of his pro se supplemental brief, that the evidence was legally insufficient to support his convictions of sexual abuse in the first degree, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Pitre*, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention, raised in his main brief and in point II of his pro se supplemental brief, that the County Court erred in permitting the prosecution to elicit the complainant's testimony that the defendant, who is the complainant's stepfather, began touching her breasts and vagina when she was 14 years old, that, on another occasion, he threatened her with a knife and told her he would cut off her finger if she did not permit such touching, and that, on yet another occasion, he forced her to pick a date to have sexual intercourse with him. The evidence was properly admitted as necessary background information on the nature of the complainant's relationship with the defendant, to place the charged conduct in context and complete the narrative of events, and to help establish the element of forcible compulsion (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Khan*, 88 AD3d 1014, 1014-1015 [2011]; *People v Thompson*, 158 AD2d 563, 563 [1990]). Moreover, the probative value of the evidence outweighed any potential prejudice to the defendant, particularly in light of the County Court's limiting instruction to the jury as to the proper use of the uncharged crimes evidence (*see People v Khan*, 88 AD3d at 1015). Contrary to the defendant's contention, the admission of the evidence, which was the subject of related charges against him pending in Queens County, did not violate his Fifth Amendment privilege against self-incrimination (*see People v Soto*, 70 AD3d 981, 981 [2010]).

The defendant's contention, raised in point III of his pro se supplemental brief, that his due process rights were violated by the People's failure to present expert medical testimony in support of the complainant's allegations, is unpreserved for appellate review and, in any event, without merit. The defendant's

contention, raised in point V of his pro se supplemental brief, that the Supreme Court improperly sentenced him on a count on which he was found not guilty, is without merit.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in points IV and V of his pro se supplemental brief, are without merit. Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.