■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LIVRIERI, Appellant. [6 NYS3d 5]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered September 4, 2013, convicting defendant, after a jury trial, of three counts of strangulation in the second degree and two counts of assault in the second degree, and sentencing him to an aggregate term of 5½ years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The court properly admitted evidence of uncharged crimes to complete the victim's narrative, to provide background information explaining the abusive relationship between defendant and the victim, and to place the events in a believable context (*see People v Leeson*, 12 NY3d 823, 827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Steinberg*, 170 AD2d 50, 72-74 [1991], *affd* 79 NY2d 673 [1992]). This evidence was not excessive or unduly inflammatory, and its probative value outweighed its prejudicial effect, which was minimized by the court's limiting instructions.

The court properly admitted the victim's medical records, including references to domestic violence, under the business records exception to the hearsay rule (*see* CPLR 4518 [a]). Such statements were part of the attending physician's diagnosis, and were relevant to diagnosis and treatment, since "[i]n addition to physical injuries, a victim of domestic violence may have a whole host of other issues to confront, including psychological and trauma issues that are appropriately part of medical treatment" (*People v Ortega*, 15 NY3d 610, 619 [2010]).

The court properly admitted defendant's recorded telephone calls, made while incarcerated, which included abusive remarks by defendant about the victim and efforts by defendant to conspire with others to prevent the victim from testifying. All of this evidence was relevant to motive and consciousness of guilt, and it was not unduly prejudicial.

The court properly admitted a portion of a 911 call under the excited utterance exception to the hearsay rule (*see People v Johnson*, 1 NY3d 302 [2003]; *People v Edwards*, 47 NY2d 493 [1979]). The tape of the call reveals that the victim was in an agitated state and was still operating under the influence of

defendant's attack, notwithstanding intervening events. Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ.