## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 18, 2015                    106522
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

DAVID L. KAMP,
                        Appellant.
_____

Calendar Date:   April 23, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Brownstone, P.A., Orlando, Florida (Patrick Michael Megaro of counsel), for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered November 15, 2013, upon a verdict convicting defendant of the crime of criminal sexual act in the third degree (six counts).

        Defendant was charged by indictment with criminal sexual act in the third degree (six counts), stemming from allegations that he engaged in oral sexual conduct with a 16-year-old (hereinafter the victim) on six separate occasions.  After trial, the jury found defendant guilty as charged.  Defendant was thereafter sentenced to an aggregate term of 18 years in prison, to be followed by 10 years of postrelease supervision.  Defendant now appeals.

County Court's Molineux ruling was not an abuse of discretion. Defendant argues that, given that the charged crimes only related to his alleged oral sexual conduct, the court erred in allowing evidence that defendant touched the victim's breasts and genitals with his hands and that he stated that he intended to have intercourse with her. Considering that this contested evidence related to the sexual abuse of the same victim during the months preceding and including the months that the charged crimes were alleged to have taken place, that evidence was relevant for the nonpropensity purpose of providing "necessary background information on the nature of the relationship between defendant and the victim, . . . plac[ing] the charged conduct in context" (People v Leeson, 12 NY3d 823, 827 [2009] [internal quotation marks and citation omitted]; see People v Livrieri, 125 AD3d 579, 579 [2015]; People v Nash, 87 AD3d 757, 758-759 [2011]). Further, given the court's limiting instructions and the particular relevance of the evidence in contextualizing the victim's delayed reporting of defendant's alleged abuse, the court did not abuse its discretion in finding that the prejudicial effect of the evidence did not outweigh its probative value (see People v Leeson, 12 NY3d at 826-827; People v Livrieri, 125 AD3d at 579; People v Nash, 87 AD3d at 758-759).

The verdict was not against the weight of the evidence. As charged, the jury was required to find proof that defendant, "[b]eing [21] years old or more, . . . engage[d] in oral sexual conduct . . . with [the victim when she was] less than [17] years old" (Penal Law § 130.40 [2]). Oral sexual conduct "means conduct between persons consisting of contact between . . . the mouth and the vulva or vagina" (Penal Law § 130.00 [2] [a]). The victim testified that defendant, on at least six occasions, had the victim take off her clothes before he proceeded to lick her breasts and vagina. She further testified that defendant directed her not to share these facts with the victim's mother and that he asserted that people would not understand his sexual relationship with her. A clinical social worker who specializes in child victims of sexual abuse testified regarding the concept of grooming — a process through which an adult perpetrator prepares a child victim for the perpetrator's desired abuse through progressive stages of sexual contact. In his testimony, defendant denied the victim's allegations of his oral sexual

conduct, but acknowledged that, for medical reasons, he had licked his fingers and touched the victim's vagina on three different occasions and had also rubbed medical cream on the victim's body in locations that included underneath the victim's breasts.

As the jury was faced with conflicting testimony regarding defendant's physical relationship with the victim, it was within its province – after viewing the witnesses, hearing their testimony and observing their demeanor – to credit the victim's testimony and reject defendant's testimony as incredible (see People v Romero, 7 NY3d 633, 644 [2006]; People v Desmond, 118 AD3d 1131, 1133 [2014], lv denied 24 NY3d 1002 [2014]). Granting appropriate deference to that credibility determination, the verdict was not against the weight of the evidence (see People v Foulkes, 117 AD3d 1176, 1177 [2014], lv denied, 24 NY3d 1084 [2014]; People v Mercado, 113 AD3d 930, 932-933 [2014], lv denied 23 NY3d 1040 [2014]; People v Fernandez, 106 AD3d 1281, 1285-1286 [2013]).

Further, although defendant sought adjournments prior to and during the sentencing hearing, he did not apprise County Court of his current contentions that either his right to the counsel of his choice or CPL 390.50 (2) entitled him to such adjournments.[1] Defendant therefore failed to preserve those arguments for our review (see People v Demps, 118 AD3d 1146, 1147 [2014], lv denied, 23 NY3d 1061 [2014]; People v Secore, 102 AD3d 1057, 1058 [2013], lv denied 21 NY3d 1019 [2013]), and we decline to exercise our interest of justice jurisdiction.

Finally, we reject defendant's contention that his sentence was harsh and excessive. Defendant exploited a position of trust that he had established with the victim and took efforts, in directing the victim not to report the abuse, that served both his purposes of evading justice and of allowing himself further

---

[1] It was defendant's counsel of choice that made the initial motion for the adjournment that failed to apprise County Court that the motion was based on counsel's inability to appear on the date previously scheduled for sentencing.

opportunity to sexually abuse the victim.  Considering these facts, as well as the fact that defendant received less than the maximum statutory sentence, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence (see People v Card, 115 AD3d 1007, 1009 [2014], lv denied 23 NY3d 961 [2014]; People v Jaeger, 96 AD3d 1172, 1175 [2012], lv denied, 19 NY3d 997 [2012]).

Defendant's remaining contentions are without merit.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court