*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    106197
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                        MEMORANDUM AND ORDER

MAURICE SKEEN,
                    Appellant.
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        David E. Woodin, Catskill, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered August 28, 2013 in Albany County, upon a verdict
convicting defendant of the crime of predatory sexual assault
against a child.

        Defendant was charged in 2012 with repeatedly having
vaginal sexual intercourse with the then 10-year-old victim while
babysitting her at the residence of her grandmother.  After a
jury trial, defendant was convicted of predatory sexual assault
against a child, and he was thereafter sentenced to a prison term
of 25 years to life.  Defendant now appeals.

        Defendant argues that his conviction was against the weight
of the evidence.  As is relevant here, to prove a charge of

predatory sexual assault against a child, the People were required to show that defendant "commit[ted] the crime of . . . course of sexual conduct against a child in the first degree" (Penal Law § 130.96). In turn, course of sexual conduct against a child in the first degree requires proof that, "over a period of time not less than three months in duration," defendant "engage[d] in two or more acts of sexual conduct, which include[d] at least one act of sexual intercourse . . . with a child less than [11] years old" (Penal Law § 130.75 [1] [a]).

It is undisputed that the victim tested positive in 2012 for genital herpes simplex virus, type 2 (hereinafter HSV-2), which was "an abnormal finding for a [10] year old girl," according to the testimony of the sexual assault nurse examiner (hereinafter SANE) who examined the victim. Indeed, the fact that the victim was diagnosed with HSV-2 at such a young age is "highly indicative of sexual abuse" (Matter of I-Conscious R. [George S.], 121 AD3d 566, 567 [2014], lv dismissed 24 NY3d 1205 [2015]; see generally Matter of Philip M., 82 NY2d 238, 243 [1993]; see People v Brown, 67 AD3d 1197, 1198 [2009]). Furthermore, the pediatrician who treated the victim testified that, while taking the victim's medical history, the victim stated that she had been sexually abused for the past two years. The pediatrician also noted that, upon examination, the victim's hymen was "quite thin," which was consistent with her reported history of sexual abuse. Thus, the only genuine dispute regarding the weight of the evidence is whether or not defendant was the perpetrator of the abuse.

To that end, the People presented medical evidence that defendant, after he was arrested, tested positive for HSV-2. During the victim's trial testimony, she unequivocally identified defendant as her abuser and then proceeded to describe numerous instances in which he would pull her away to another room, lay on top of her, "kiss on [her] and put his penis inside of [her] vagina." The victim also recounted several specific details about the assaults, including that, on at least one occasion, she observed defendant putting on a condom. Notably, the victim's grandmother testified that, earlier in 2012, she had discovered a condom in the basement of her residence, where the victim testified that defendant had sexually assaulted her approximately

10 times. When the grandmother asked defendant about it, he admitted that the condom was his, but explained that he was alone when he used it. At trial, defendant altered this story, claiming that he had not used the condom, but instead had provided it to a neighbor who had sexual intercourse with his girlfriend in the grandmother's basement. Additionally, despite defendant's insistence that he never sexually assaulted the victim, he acknowledged that, after discovering that police were looking for him because the victim had accused him of sexually assaulting her, he had fled to New York City where he remained for several months until he turned himself in to a federal marshal.

The foregoing testimony presented a classic credibility contest that the jury resolved in favor of the victim. While the victim's testimony contained some minor inconsistencies regarding the time line and frequency of the sexual assaults, we note that "[j]ury resolution of credibility issues, particularly those involving sex-related conduct with a victim of tender years who may have difficulty recalling precise dates and times of the acts, will not be disturbed absent manifest error" (People v Johnson, 24 AD3d 967, 968 [2005], lv denied 6 NY3d 814 [2006]; see People v Doherty, 305 AD2d 867, 867-868 [2003], lv denied 100 NY2d 580 [2003]). Viewing the evidence in a neutral light and "accord[ing] great deference to the jury's opportunity to view the victim['s] testimony and assess [her] credibility, as well as [her] ability to recall the specific details and time frames of particular sex crimes," we find that the verdict was in accordance with the weight of the evidence (People v Jabaut, 111 AD3d 1140, 1144 [2013], lv denied 22 NY3d 1139 [2014]; see People v Thiel, 134 AD3d 1237, 1239-1240 [2015]; People v Santiago, 118 AD3d 1163, 1165 [2014], lv denied 24 NY3d 964 [2014]).

Defendant also argues that he was unfairly prejudiced by the admission, over his objection, of three photographs depicting the victim's vagina with blisters that are symptomatic of HSV-2. However, it is clear to us that "the pictures accurately depicted the victim's [condition], corroborated the observations of the [SANE and the physician] who treated her . . . and were disturbing because of the victim's infancy and the nature of her injuries rather than because they were presented in an

unnecessarily inflammatory manner" (People v Clarke, 110 AD3d 1341, 1344-1345 [2013], lv denied 22 NY3d 1197 [2014]; see People v Flowers, 122 AD3d 1396, 1397-1398 [2014], lv denied 24 NY3d 1219 [2015]; People v Stebbins, 280 AD2d 990, 990 [2001], lv denied 96 NY2d 925 [2001]).  Contrary to defendant's argument, his concession at trial that the victim suffered from HSV-2 did not make the sole purpose of admitting the photographs "'to arouse the emotions of the jury and to prejudice the defendant'" (People v Wood, 79 NY2d 958, 960 [1992], quoting People v Pobliner, 32 NY2d 356, 370 [1973], cert denied 416 US 905 [1974]; accord People v Thibeault, 73 AD3d 1237, 1243 [2010], lv denied 15 NY3d 810 [2010], cert denied 562 US 1293 [2011]).

Defendant's further contention that he was denied a fair trial by the admission of certain hearsay testimony that bolstered the victim's direct testimony is unpreserved for our review, inasmuch as he failed to object to it at trial.  Nor are we persuaded by his alternative claim that his trial counsel's failure to object to the testimony deprived him of the effective assistance of counsel.  Specifically, defendant maintains that his counsel should have objected to portions of the testimony of the SANE and the pediatrician in which they both discussed what the victim, the mother and the grandmother had stated about the duration and frequency of defendant's sexually abusive conduct. However, this hearsay testimony did not name defendant, and it was properly admitted as germane to medical diagnosis and treatment, as it was based upon the patient history collected by the SANE and the pediatrician during the course of their examinations of the victim (see People v Gross, 26 NY3d 689, 695-696 [2014]; People v Spicola, 16 NY3d 441, 451-452 [2011], cert denied ___ US ___, 132 S Ct 400 [2011]; People v McCray, 102 AD3d 1000, 1009 [2013], affd 23 NY3d 193 [2014]).  Accordingly, defense counsel cannot be faulted for failing to object to this testimony, as any such objection would have had "'little or no chance of success'" (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004]; accord People v Gokey, 134 AD3d 1246, 1247 [2015]).

Defendant further takes issue with his counsel's failure to object to the testimony of the victim's grandmother, who stated that the victim, while being examined at the hospital, told her

that defendant had been sexually assaulting her.  While we agree with defendant that his counsel should have objected to this testimony as improper bolstering (see People v Buie, 86 NY2d 501, 510 [1995]; People v Vargas, 60 AD3d 1236, 1239 [2009], lv denied 13 NY3d 750 [2009]), it cannot be said that this singular error deprived defendant of meaningful representation.  Indeed, the grandmother's repetition of the victim's prior identification was ultimately harmless, as it "was brief in the overall context of her testimony [and] the People did not rely on it as direct evidence of defendant's guilt" (People v Hughes, 114 AD3d 1021, 1023 [2014], lv denied 23 NY3d 1038 [2014]).  Furthermore, the victim's in-court identification of defendant, her detailed account of his repeated acts of sexual assault against her and the accompanying medical evidence "'precluded any significant probability that the jury would have acquitted the defendant had it not been for the bolstering error[]'" (People v Carter, 40 AD3d 1211, 1212 [2007], lv denied 9 NY3d 864 [2007], quoting People v Tinsley, 159 AD2d 602, 603 [1990]; see People v Mobley, 56 NY2d 584, 585-586 [1982]).

We have examined defendant's remaining arguments, including his claim that he was prejudiced by the mid-trial amendment of the indictment, and find them to be without merit.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court