■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINN BRITTON, Appellant. [35 NYS3d 140]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered November 19, 2013, convicting him of sexual abuse in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct

an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the fact that the jury acquitted him of other charges does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

The Supreme Court providently exercised its discretion in permitting the prosecution to elicit evidence that approximately one year before the charged crimes, the defendant exposed his penis to the complainant. This evidence provided relevant background information on the nature of the defendant's relationship with the complainant, and the probative value of the evidence outweighed any prejudice to the defendant (*see People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Maxey*, 129 AD3d 1664 [2015]; *People v Leonard*, 129 AD3d 1592, 1595 [2015], *lv granted* 26 NY3d 1090 [2015]; *People v Kamp*, 129 AD3d 1339, 1340 [2015]; *People v Washington*, 122 AD3d 1406, 1408 [2014]; *People v Nash*, 87 AD3d 757, 758-759 [2011]). Moreover, the court's instruction to the jury regarding use of this evidence limited any potential prejudice to the defendant (*see People v Gopaul*, 112 AD3d 964, 965 [2013]; *People v Khan*, 88 AD3d 1014, 1015 [2011]).

Finally, the defendant's contention that the Supreme Court improperly modified its initial *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review. In any event, the contention is without merit. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.