Mulvey, J.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered January 15, 2014, upon a verdict convicting defendant of the crimes of burglary in the first degree and robbery in the first degree.
In August 2012, police were summoned to a robbery in progress at the residence of Desiree Graziano. Defendant and four others, wearing bandanas across their faces and purportedly wielding a knife and a chisel, entered the residence— where Graziano and three others were present — demanding to know the location of the drugs and money secreted therein. When police arrived, the perpetrators fled in a vehicle, which left the road and ended up in a pond. Defendant was arrested by police as he emerged wet from the pond. He was charged with — and ultimately convicted by a jury of — burglary in the *944 first degree and robbery in the first degree. He was sentenced to concurrent prison terms of 12 years, together with post-release supervision, and now appeals.
Defendant argues that County Court unduly restricted his right to cross-examine witnesses regarding drug-related activities by Graziano. A criminal defendant is entitled to conduct “appropriate cross-examination designed to show a prototypical form of bias on the part of the witness” (Delaware v Van Arsdall, 475 US 673, 680 [1986]; see People v Hudy, 73 NY2d 40, 56-57 [1988]; People v Alnutt, 101 AD3d 1461, 1465 [2012], lv denied 21 NY3d 941 [2013], cert denied 571 US —, 134 S Ct 1035 [2014]). Since, at the time of trial, Graziano still faced potential drug charges flowing from evidence found by police at the crime scene, she had a motive to attempt to tailor her testimony in a manner to curry favor with the prosecution (see Alford v United States, 282 US 687, 693 [1931]; People v McLeod, 122 AD3d 16, 19-20 [2014]). However, “the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish” (Delaware v Fensterer, 474 US 15, 20 [1985]; accord People v Smith, 27 NY3d 652, 659-660 [2016]; see People v Wilson, 100 AD3d 1045, 1047 [2012], lv denied 22 NY3d 998 [2013]). The trial court retains discretion “to restrict cross-examination ‘based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness’ safety, or interrogation that is repetitive or only marginally relevant’ ” (Corby v Artus, 699 F3d 159, 166 [2d Cir 2012], cert denied 568 US —, 133 S Ct 1287 [2013], quoting Delaware v Van Arsdall, 475 US at 679; see People v McLeod, 122 AD3d at 19; People v DeFreitas, 116 AD3d 1078, 1081-1082 [2014], lv denied 24 NY3d 960 [2014]; People v Mestres, 41 AD3d 618, 618 [2007], lv denied 9 NY3d 924 [2007]).
During the cross-examination of one police officer, defense counsel elicited from the officer that there had been prior complaints of drug-related activity at the subject residence and that those earlier incidents involved Graziano. Several witnesses testified that the perpetrators were seeking drugs when they entered the premises. County Court, among other things, permitted defense counsel to question Graziano about her drug use on the subject night, and she admitted using cocaine as well as possessing a digital scale. Such proof adequately established Graziano’s involvement in bad acts and her exposure to potential criminal charges for defendant to urge the jury that she was biased or tailoring her testimony to *945 obtain leniency from potential prosecution and to otherwise attack her credibility, including the veracity of her testimony that the perpetrators were armed with a chisel and a knife.
Although the restrictive parameters placed on such proof by County Court creates a close issue, allowing a free-wheeling general inquiry into all of Graziano’s alleged drug activities would have produced confusion regarding the issues pertinent to the trial, resulting in a mini-trial on Graziano’s unrelated and marginally relevant personal drug problems. Defendant’s efforts to pursue this broad line of proof about Graziano’s history with drugs, particularly with extrinsic evidence, was sliding rapidly toward a trial on a collateral matter where the trial court has wide discretion regarding the extent permitted of such proof (see e.g. People v Powell, 27 NY3d 523, 530 [2016]; People v Allen, 24 NY3d 441, 450 [2014]). In any event, Graziano was one of several witnesses whose testimony established the elements of the crimes and, in light of the overwhelming proof of defendant’s involvement and guilt, we would find any error by County Court harmless beyond a reasonable doubt (see People v Spencer, 20 NY3d 954, 956-957 [2012]; People v Hughes, 111 AD3d 1170, 1174 [2013], lv denied 23 NY3d 1038 [2014]).
Peters, P.J., Lahtinen and Garry, JJ., concur.