People v Durrant (2019 NY Slip Op 04716)





People v Durrant


2019 NY Slip Op 04716


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-12399
 (Ind. No. 165/17)

[*1]The People of the State of New York, respondent,
v
Anthony J. Durrant, appellant.


Galluzzo & Arnone LLP, New York, NY (Matthew J. Galluzzo of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Sharon Y. Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Charles S. Lopresto, J.), rendered November 8, 2017, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of the sexual abuse of an eight-year-old child who was related to his girlfriend. The People's primary witness was the child, who was 10 years old at the time of the trial and gave sworn testimony.
Prior to the trial, the People moved for permission to introduce evidence at the trial of three alleged incidents of sexually inappropriate conduct by the defendant involving the same child. We agree with the Supreme Court's determination to grant the motion, since that evidence provided necessary background information about the nature of the relationship between the defendant and the child, and explained the child's conduct (see People v Leeson, 12 NY3d 823, 826-

827; People v Dorm, 12 NY3d 16, 19; People v Britton, 140 AD3d 975, 976; People v Kamp, 129 AD3d 1339, 1340; People v Washington, 122 AD3d 1406, 1408; People v Gopaul, 112 AD3d 964, 965; People v Khan, 88 AD3d 1014). Moreover, the probative value of the evidence outweighed the prejudice to the defendant. Further, the prejudice to the defendant was minimized by the court's limiting instructions (see People v Frumusa, 29 NY3d 364, 373; People v Cass, 18 NY3d 553, 560).
Moreover, the Supreme Court's Sandoval ruling was a provident exercise of discretion (see People v Pavao, 59 NY2d 282, 292; People v Coleman, 56 NY2d 269, 273; People v Sandoval, 34 NY2d 371, 377).
The defendant called as a character witness a coworker from his prior employment, who testified that he was not aware that defendant had a bad reputation for sexually abusive or sexually inappropriate conduct in their "working community." When defense counsel asked the witness if he was aware of anyone ever saying "anything bad with respect to [the defendant] being sexually inappropriate or sexually abusive toward other people in the workplace," the People objected. The objection was sustained. After adducing the fact that the witness was never convicted of a crime, defense counsel stated that he had "[n]o further questions." The People did not cross-[*2]examine, and, instead, moved to strike the witness's testimony. The People's motion was granted on the ground that the witness was not aware of the defendant's reputation, and testimony that a witness never heard anyone say anything negative is not sufficient character evidence.
Contrary to the conclusion of the Supreme Court, negative evidence of reputation—i.e., that the witness never heard anyone say anything negative about the defendant—can constitute relevant character evidence (see People v Bouton, 50 NY2d 130, 139; People v Van Gaasbeck, 189 NY 408; People v Thompson, 75 AD2d 830; People v Malinowski, 43 AD2d 189, 191). However, relevant character evidence must be of reputation generally in the community where the crime occurred (see People v Bouton, 50 NY2d at 139). Although that community is more broadly defined in modern times (see People v Fernandez, 17 NY3d 70, 78), the defendant's reputation in the workplace for lack of sexual impropriety was in no way relevant to whether he sexually abused a child in secret and outside of the workplace. Accordingly, the character evidence was properly stricken, since that evidence was irrelevant.
The defendant's remaining contention is without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court