People v Horton (2019 NY Slip Op 04782)





People v Horton


2019 NY Slip Op 04782


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

108937

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BENJAMIN HORTON, Appellant.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant, and appellant
pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered August 24, 2016, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child (two counts), sexual abuse in the first degree and endangering the welfare of a child.
In 2015, the victim (born in 2003) accused defendant of molesting him in multiple counties. The allegations included incidents in Schenectady County, where defendant was charged in an indictment with predatory sexual assault against a child (two counts), criminal sexual act in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child. Following a jury trial, he was found guilty as charged. County Court initially sentenced him upon all six counts but, after the People alerted it to the fact that the counts of criminal sexual act in the first degree were lesser included offenses of the counts of predatory sexual assault against a child, it dismissed the former and otherwise adhered to its original sentence. The end result was a sentence of 25 years to life in prison for each count of predatory sexual assault against a child, seven years in prison to be followed by 10 years of postrelease supervision for sexual abuse in the first degree, and one year in jail for endangering the welfare of a child, the sentences to run concurrently. Defendant appeals.[FN1]
We affirm. Defendant contends that the verdict was unsupported by legally sufficient proof and against the weight of the evidence. In that regard, the People sought to prove that, between January 1, 2015 and February 28, 2015 in Schenectady County, the 43-year-old [*2]defendant engaged in oral and anal sexual conduct with the 11—year-old victim (see Penal Law §§ 130.00 [2]; 130.50 [4]; 130.96), subjected the victim to sexual contact (see Penal Law §§ 130.00 [3]; 130.65 [4]) and acted in a manner likely to be injurious to his physical, mental or moral welfare (see Penal Law § 260.10 [1]).
The trial proof reflected that defendant helped the victim's family move to New York, where, in the fall of 2014, they established a residence in Saratoga County. In December 2014, defendant became a daily presence at the Saratoga County residence and cultivated a close relationship with the victim to the exclusion of others, a point confirmed by the testimony of the victim and his relatives, as well as numerous text messages obtained from defendant's phone in which he professed his love for the victim. According to the victim's mother, defendant and the victim began spending weekends at a Schenectady County residence in January 2015, ostensibly so that the victim could help defendant work on a house that he was purchasing. The victim confirmed that he spent weekends at the Schenectady County residence that winter and shared a bed with defendant. He further testified that, while there, he performed oral sex on defendant, defendant performed anal sex on him, and each touched the other's penis. The victim's mother testified that these weekend visits ended in February 2015, recalling that defendant accompanied the victim's family on a trip to Florida that month and thereafter divided his time between the Saratoga County residence and his newly-acquired home in Herkimer County. The victim's mother directed defendant to leave the Saratoga County residence in May 2015 after learning that he was doing "sexual things" with the victim; she contacted authorities the next day after an upset victim gave her a fuller account. The victim stated that he delayed in disclosing the abuse because he liked defendant and was frightened by defendant's threat to kill himself if the victim told, and the People presented testimony from a psychologist as to why victims of child sex abuse may delay in reporting it.
Notwithstanding the failure of the victim to specify precisely when the charged conduct occurred, viewing the foregoing "evidence in the light most favorable to the People, we find that the jury could properly credit the testimony of the victim and thereby conclude that each and every element of the crime[s] charged was proven beyond a reasonable doubt" (People v Johnson, 24 AD3d 967, 968 [2005], lv denied 6 NY3d 814 [2006]; see People v Skeen, 139 AD3d 1179, 1181 [2016], lv denied 27 NY3d 1155 [2016]). Defendant further argues that the victim's account was unworthy of belief due to the lack of details and corroborating physical evidence, the delay in disclosure, the victim's learning disabilities and mental health issues, and his prior allegations about defendant that the victim's mother, at the time, averred were untruthful. These issues may have rendered acquittal a reasonable possibility (see People v Romero, 7 NY3d 633, 643-644 [2006]), but they were explored at trial and did not dissuade the jury from crediting the victim's testimony. We defer to that assessment of credibility and, after viewing the evidence in a neutral light, "discern no basis to conclude that [the jury's] determination here was against the weight of the evidence" (People v Thiel, 134 AD3d 1237, 1239-1240 [2015], lv denied 27 NY3d 1156 [2016]; see People v Van Alphen, 167 AD3d 1076, 1078 [2018], lv denied 32 NY3d 1210 [2019]; People v Bullock, 145 AD3d 1104, 1106 [2016]; People v Skeen, 139 AD3d at 1181).
Defendant next complains that County Court improperly admitted evidence of uncharged bad acts. The People sought to introduce recorded conversations between defendant and the victim's mother, occurring soon after the mother contacted law enforcement, in which defendant responded to the victim's allegations, discussed his relationship with the victim and admitted to certain inappropriate behavior. Contrary to defendant's suggestion, "this evidence was admissible as relevant to the non-propensity purpose of establishing the nature of the relationship between defendant and the victim and for establishing the context for the" charged conduct (People v Nash, 87 AD3d 757, 758-759 [2011], lv denied 17 NY3d 954 [2011]; see People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Leeson, 12 NY3d 823, 826-827 [2009]). County Court gave an appropriate limiting instruction, which it reiterated in its jury charge, and we accordingly perceive no abuse of discretion in the finding that the probative value of the recorded conversations outweighed their prejudicial effect so as to warrant their admission (see People v Leeson, 12 NY3d at 826-827; People v Britton, 140 AD3d 975, 976 [2016], lv [*3]denied 28 NY3d 927 [2016]; People v Kamp, 129 AD3d 1339, 1340 [2015], lv denied 26 NY3d 969 [2015]; cf. People v Leonard, 29 NY3d 1, 7-8 [2017]).
Further, County Court properly "allowed the People to elicit testimony about the fact and timing of [the victim's] revelations for the nonhearsay purpose of explaining the events kicking off the investigative process that led to the charges against defendant" (People v Cullen, 24 NY3d 1014, 1016 [2014]; see People v Honghirun, 29 NY3d 284, 289-290 [2017]; People v Ludwig, 24 NY3d 221, 230-232 [2014]). The testimony in question was brief, explained why the victim's mother directed defendant to leave the Saratoga County residence and then contacted law enforcement, and was followed by an appropriate limiting instruction and jury charge (see People v DeCarr, 130 AD3d 1365, 1366 [2015], lv denied 26 NY3d 1008 [2015]; People v Gregory, 78 AD3d 1246, 1246-1247 [2010], lv denied 16 NY3d 831 [2011]).
Inasmuch as defendant failed to request that County Court instruct the jury regarding lesser included offenses or object to the charge as delivered, his additional contention that such an instruction should have been given is unpreserved for our review (see People v Van Alphen, 167 AD3d at 1079; People v Arhin, 165 AD3d 1487, 1489 [2018]). In any event, the verdict was not rendered defective by the absence of such an instruction, and defendant obtained the relief to which he was entitled "when County Court dismissed the counts charging course of sexual conduct against a child in the first degree as lesser included offenses of the counts of predatory sexual assault against a child upon which defendant was convicted" (People v Van Alphen, 167 AD3d at 1079; see CPL 300.40 [3] [b]; People v Al Haideri, 141 AD3d 742, 745 [2016], lv denied 28 NY3d 1025 [2016]).
Defendant also argues, in the brief of appellate counsel and his pro se supplemental brief, that he received the ineffective assistance of trial counsel. Many of his contentions involve matters outside the record that must be advanced in a CPL article 440 motion, including that trial counsel did not properly investigate the case, communicate with him, or "consult or hire an expert witness on the issue of child sexual abuse syndrome, so as to refute the testimony offered by the People at trial" (People v Hernandez, 125 AD3d 885, 887 [2015], lv denied 26 NY3d 968 [2015]; see People v Williams, 171 AD3d 1354, 1355 [2019]). The record that is before us reflects that defense counsel handled a difficult case capably, engaging in successful pretrial motion practice to suppress defendant's statements to investigators, then advancing a trial strategy of attacking the credibility of the People's witnesses through effective cross-examination and appropriate objections. As such, "the evidence, the law, and the circumstances . . ., viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" as required (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Alvarez, ___ NY3d ___, ___, 2019 NY Slip Op 02383, *2 [2019]).
Defendant's remaining claims may be dealt with quickly. Inasmuch as the verdict was supported by legally sufficient evidence, his pro se challenges to the sufficiency and quality of the proof before the grand jury are precluded (see CPL 210.30 [6]; People v Vega, 170 AD3d 1266, 1273 [2019]; People v Kennedy, 78 AD3d 1477, 1479 [2010], lv denied 16 NY3d 798 [2011]). His other pro se contentions, to the extent that they involve matters contained in the record, have been examined and lack merit. Finally, in view of defendant's prior criminal history, the notably exploitative circumstances surrounding the crimes here and his complete lack of remorse, we perceive nothing harsh or excessive about the sentences imposed (see People v Warrington, 155 AD3d 1450, 1452 [2017]; People v Kalina, 149 AD3d 1264, 1267-1268 [2017], lv denied 29 NY3d 1092 [2017]).
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant has separately appealed from his conviction on a charge related to his conduct toward the victim in Saratoga County (People v Horton, ___ AD3d ___ [appeal No. 108938, decided herewith]).