People v Gannon (2019 NY Slip Op 05591)





People v Gannon


2019 NY Slip Op 05591


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

109155

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ARTHUR A. GANNON, Appellant.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 27, 2016, upon a verdict convicting defendant of the crimes of predatory sexual assault (three counts), predatory sexual assault against a child (two counts), use of a child in a sexual performance, sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).
Defendant was charged by indictment with various crimes
stemming from his inappropriate sexual contact with his two minor stepdaughters (hereinafter the victims) — with which his wife, Heidi Gannon, had assisted — over the course of many years [FN1]. Following a jury trial, defendant was convicted of three counts of predatory sexual assault, two counts of predatory sexual assault against a child, one count of use of a child in a sexual performance, two counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. Defendant was sentenced to concurrent and consecutive terms, resulting in a maximum prison term of 69 years to life. Defendant appeals.
We affirm. Initially, we reject defendant's assertion that he was deprived of his right to testify before the grand jury. "Where, as here, a defendant has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding, the district attorney must notify the defendant or his or her attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his or her right to appear as a witness therein. A defendant, in turn, has a right to appear before such grand jury as a witness in his or her own [*2]behalf if, prior to the filing of any indictment, he or she serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent" (People v Wilkerson, 140 AD3d 1297, 1299 [2016] [internal quotation marks, ellipses, brackets and citations omitted], lv denied 28 NY3d 938 [2016]; see CPL 190.50 [5] [a]; People v Evans, 79 NY2d 407, 412 [1992]; People v Harrison, 162 AD3d 1207, 1209 [2018], lv denied 32 NY3d 1205 [2019]). "The concept of reasonableness is flexible and must be applied to the particular facts of a case as known at the time" (People v Sawyer, 96 NY2d 815, 816 [2001]).

The record reflects that defendant was arraigned on a felony complaint on July 15, 2015. On October 19, 2015, defendant was assigned new counsel. Two days later, at approximately 3:27 p.m., defense counsel notified the People of her representation and advised that defendant intended to testify before the grand jury. Within minutes, the People called defense counsel and stated their intention to present the case to the grand jury as soon as possible. By 10:00 a.m. the next morning, the People had faxed and personally served defense counsel with a CPL 190.50 notice, advising that, in order to exercise his right to testify as a witness before the grand jury, defendant "should appear at the Saratoga County District Attorney's [o]ffice on October 23rd, 2015 at 9:30 [a.m.]" Defense counsel did not respond and failed to appear. Later in the afternoon on October 23, 2015, the People filed a CPL 180.80 (2) notice indicating that the grand jury had voted an indictment against defendant. Prior to taking the vote, the People verified with staff at the Saratoga County District Attorney's office that they had not heard from defense counsel. Although defendant takes issue with the People's failure to produce him for the grand jury, he acknowledges that counsel received the notice and fails to explain why she did not appear at the grand jury proceeding or contact the People with respect thereto. Under these circumstances, we find that defendant was provided with reasonable notice and a reasonable opportunity to testify before the grand jury (see People v Miller, 160 AD3d 1040, 1041 [2018], lv denied 32 NY3d 939 [2018]; People v Watkins, 40 AD3d 290, 290-291 [2007], lv denied 9 NY3d 870 [2007]).

Defendant next contends that count 6 of the indictment — charging use of a child in a sexual performance — was rendered duplicitous because there was testimony regarding a video as well as photographs. "An indictment count is duplicitous when it charges more than one crime that is completed by a discrete act in the same count" (People v Madsen, 168 AD3d 1134, 1137 [2019] [citation omitted]; see CPL 200.30; People v Hughes, 114 AD3d 1021, 1024 [2014], lv denied 23 NY3d 1038 [2014]). "Even if a count facially charges one criminal act, that count is duplicitous if the evidence makes plain that multiple criminal acts occurred during the relevant time period, rendering it nearly impossible to determine the particular act upon which the jury reached its verdict" (People v Dalton, 27 AD3d 779, 781 [2006] [citations omitted], lvs denied 7 NY3d 754, 811 [2006]; see People v Black, 65 AD3d 811, 813 [2009], lv denied 13 NY3d 905 [2009]). Count 6 alleged that, "on or about September 2009, knowing the character and content thereof [defendant] employed, authorized or induced a child less than [17] years of age to engage in a sexual performance." The bill of particulars specified that the crime was against the younger victim. Gannon testified to an incident where defendant recorded himself sexually abusing the younger victim on a video camera. During summation, the People specifically tied the videotape to count 6. Although the victims and Gannon testified that defendant would typically photograph his abuse, in reference to these photographs, the witnesses never described a sexual performance being depicted within the meaning of Penal Law § 263.00 (1) and (3). As this testimony did not "make[ ] plain that multiple criminal acts occurred during the relevant time period" (People v Dalton, 27 AD3d at 781), we find that count 6 was not duplicitous (see People v Weber, 25 AD3d 919, 922 [2006], lv denied 6 NY3d 839 [2006]).

Defendant further contends that County Court improperly denied his motion to suppress items seized from the Saratoga County Public Defender's office or, alternatively, hold a Mapp/Dunaway hearing on that issue. Defendant also contends that the court erred in ruling that certain fruits of that search were not covered by the attorney-client privilege. "The trial court may summarily deny a motion to suppress evidence if the motion papers do not allege a ground constituting a legal basis for the motion or if the sworn allegations of fact do not as a matter of law support the ground alleged" (People v Durfey, 170 AD3d 1331, 1336 [2019] [internal [*3]quotation marks, brackets, ellipsis and citations omitted]; see People v Briskin, 125 AD3d 1113, 1116-1117 [2015], lv denied 25 NY3d 1069 [2015]). In support of his motion, defendant argued that there are significant factual issues that cannot be adequately resolved without a Mapp/Dunaway hearing, specifically, whether the search warrant was based upon probable cause. We find that defendant's bare allegation of a lack of probable cause, without any factual support, was insufficient to require a hearing (see CPL 710.60 [3]; People v Durfey, 170 AD3d at 1336). In any event, upon review of the search warrant application and accompanying sworn statements, we conclude that County Court properly determined that there was probable cause to issue the warrant (see People v Brown, 167 AD3d 1331, 1333 [2018]; People v Cherry, 149 AD3d 1346, 1347-1348 [2017], lv denied 29 NY3d 1124 [2017]). With respect to defendant's claim of attorney-client privilege, we find that the crime-fraud exception applied because there was reasonable cause to believe that the items seized pursuant to the search warrant constituted physical evidence of a crime and that their delivery to counsel was for the purpose of concealing evidence, not for seeking legal advice (see People v Kimes, 37 AD3d 1, 27 [2006], lv denied 8 NY3d 881 [2007]).

We next address defendant's contention that County Court's Molineux ruling, which allowed the People to present evidence of certain prior acts of sexual abuse against the victims, deprived him of a fair trial. "Although evidence of prior uncharged crimes or bad acts may never be presented for the sole purpose of establishing a defendant's criminal propensity or bad character, such evidence may be admissible if it is probative of some other material issue or fact in the case and its probative value outweighs any undue prejudice" (People v Knox, 167 AD3d 1324, 1325 [2018] [citations omitted], lv denied 33 NY3d 950 [2019]; see People v Frumusa, 29 NY3d 364, 369 [2017]; People v McCommons, 143 AD3d 1150, 1153 [2016], lvs denied 29 NY3d 999, 1001 [2017]). Such evidence may be admitted where it falls within at least one of the "recognized Molineux exceptions — motive, intent, absence of mistake, common plan or scheme and identity — or where such proof is inextricably interwoven with the charged crimes, provides necessary background or completes a witness's narrative" (People v Ward, 141 AD3d 853, 860 [2016] [internal quotation marks and citations omitted]; see People v Anthony, 152 AD3d 1048, 1051 [2017], lvs denied 30 NY3d 978, 981 [2017]).

Here, the evidence offered by the People regarding defendant's prior sexually abusive acts against the victims was material to several issues in the case, including defendant's motive and intent to commit the charged crimes and the absence of mistake or accident, and also provided background information and context regarding the nature of defendant's relationship with the victims (see People v Knox, 167 AD3d at 1326). Moreover, County Court's ruling reflected a careful and thoughtful balancing of the probative value of the proffered evidence against its prejudicial impact, as the court precluded certain aspects of the People's Molineux proffer that it found to be prejudicial. County Court also gave timely and appropriate limiting instructions regarding the proper use of the challenged evidence, thereby limiting any prejudicial impact (see People v Horton, ___ AD3d ___, ___, 2019 NY Slip Op 04782, *2 [2019]; People v Kamp, 129 AD3d 1339, 1340 [2015], lv denied 26 NY3d 969 [2015]). Accordingly, we discern no error or abuse of discretion in County Court's Molineux ruling.

We find defendant's challenge to County Court's Sandoval ruling unavailing. "Whether and to what extent prior convictions may be used on cross-examination of a defendant is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of the evidence as it relates to the defendant's credibility against the risk of unfair prejudice to the defendant, including whether it would discourage him or her from testifying" (People v Iovino, 149 AD3d 1350, 1353 [2017] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 30 NY3d 950 [2017]; see People v Pietoso, 168 AD3d 1276, 1279 [2019], lv denied ___ NY3d ___ [May 30, 2019]). Here, if defendant intended to testify, County Court permitted the People to question him on his 1990 conviction for sexual abuse in the first degree, including the date of the conviction, the underlying acts and the sentence imposed thereon. The 1990 conviction, as well as the underlying acts, related to defendant's willingness to put his own self-interests above that of society, and, although similar to the crimes charged here, "similarity alone is insufficient to preclude cross-examination" (People v Mitchell, 57 AD3d 1308, 1311 [*4][2008] [internal quotation marks and citation omitted]; see People v Vasquez, 71 AD3d 1179, 1180 [2010], lv denied 14 NY3d 894 [2010]). To the extent that defendant contends that County Court improperly applied a Molineux analysis in its Sandoval ruling, the record reflects that County Court unambiguously stated that it was permitting inquiry into the 1990 conviction because it shows a propensity to place defendant's interests above those of society (see People v Bennette, 56 NY2d 142, 148 [1982]) and, prior to delivering its ruling, the court accurately recited the correct Sandoval standard. As County Court struck an appropriate balance in its Sandoval ruling, we cannot conclude that the court abused its discretion (see People v Vasquez, 71 AD3d at 1180; People v Mitchell, 57 AD3d at 1311-1312).

We also find that County Court did not err in declining to hold a hearing as to whether two witnesses — Gannon and Brent Hubert, a Child Protective Services caseworker — had acted as agents of the police. Defendant failed to set forth facts or present evidence to demonstrate a clear connection between the conduct of the witnesses and the police, or that the witnesses had acted at the instigation of the police, under the close supervision of the police or on behalf of the police. Accordingly, as defendant's agency claim was based only on speculation, a hearing was not required (see People v Grisafi, 192 AD2d 147, 150 [1993], lv denied 82 NY2d 925 [1994]; People v Bent, 160 AD2d 1176, 1178 [1990], lv denied 76 NY2d 937 [1990]).

Defendant's challenges to County Court's evidentiary rulings are without merit. We reject defendant's contention that the People misrepresented the DNA evidence through the testimony of a forensic scientist. The forensic scientist acknowledged that she could not exclude or include the victims as matching the DNA present on a bandana that defendant had ostensibly used. Moreover, the conclusions to be drawn from the expert's testimony were addressed during defendant's cross-examination, and defendant presented his own expert witness on this subject. Nor did the court abuse its discretion in admitting into evidence a photograph of the door that led into defendant and Gannon's apartment, which included notations of "Private Property," "No Trespassing" and "I support the 2nd Amendment." This photograph was relevant to and probative of the People's theory of the case that defendant controlled access to the apartment and that he was cognizant of his legal rights. The photograph was not introduced "for the sole purpose of arousing the emotions of the jury and to prejudice defendant" (People v Greenfield, 167 AD3d 1060, 1063 [2018] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 32 NY3d 1204 [2019]).

Defendant's further contention that County Court improperly limited his cross-examination of certain witnesses, depriving him of his right to present a defense, is unavailing. A trial court may impose reasonable limits on a defendant's cross-examination of a witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant" (People v Fields, 160 AD3d 1116, 1120 [2018] [internal quotation marks and citation omitted], lvs denied 31 NY3d 1116, 1120 [2018]; see People v Alcarez, 141 AD3d 943, 943 [2016], lv denied 28 NY3d 1025 [2016]). Further, a trial court is "accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (People v Collins, 126 AD3d 1132, 1133 [2015] [internal quotation marks and citation omitted], lv denied 25 NY3d 1161 [2015]; see People v Wynn, 149 AD3d 1252, 1255 [2017], lv denied 29 NY3d 1136 [2017]). "However, a court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (People v Hall, 160 AD3d 210, 214 [2018] [internal quotation marks and citations omitted]). We find County Court's various limitations on defendant's ability to cross-examine the witnesses to be reasonable, and defendant was able to elicit testimony to present his defense, as well as to extensively cross-examine the witnesses. To the extent that any error occurred, we find such to be harmless beyond a reasonable doubt, as the proof of defendant's guilt — including the testimony of Gannon and the victims, as well as other corroborating evidence — was overwhelming, and there is no reasonable possibility that the error might have contributed to defendant's conviction (see generally People v Crimmins, 36 NY2d 230, 242 [1975]).
Defendant's remaining evidentiary challenges warrant little discussion. County Court did not err in precluding the admission of the domestic incident report, as it contained inadmissible hearsay of Gannon and defendant (see generally People v Patterson, 28 NY3d 544, 550-551 [2016]). Nor did the court err in allowing the People's witness, an investigator with the Saratoga County Sheriff's Department, to read certain sections of a book titled "The Duck Commander Faith and Family Bible," as well as sections of the Penal Code and the Criminal Procedure Law that were underlined in red or highlighted, while limiting defendant to reading the title of each section. Given the numerous highlighted sections, the court's ruling avoided undue delay and confusion, while permitting defendant to convey his intended message (compare People v Demagall, 114 AD3d 189, 200-201 [2014], lv denied 23 NY3d 1035 [2014]).
We also reject defendant's contention that the testimony of several witnesses regarding the victims' disclosures constituted hearsay and improper bolstering, depriving him of a fair trial. "New York courts have routinely recognized that nonspecific testimony about a child-victim's reports of sexual abuse does not constitute improper bolstering when offered for the relevant, nonhearsay purpose of explaining the investigative process and assisting in the completion of the narrative of events which led to the defendant's arrest" (People v Gross, 26 NY3d 689, 695 [2016] [internal quotation marks, brackets and citations omitted]; see People v Galloway, 93 AD3d 1069, 1072 [2012], lv denied 19 NY3d 996 [2012]). Here, the challenged testimony did not constitute improper bolstering, as it either did not involve a prior consistent statement of one of the victims, did not constitute hearsay testimony or completed the narrative of events that led to defendant's arrest (see generally People v Honghirun, 29 NY3d 284, 289 [2017]; Nucci v Proper, 95 NY2d 597, 602 [2001]). Finally, we reject defendant's contention that the prosecutor's alleged improper comments during his opening statement and summation deprived defendant of a fair trial (see People v Deshane, 160 AD3d 1216, 1217-1218 [2018], lv denied 31 NY3d 1146 [2018]; People v Simmons, 111 AD3d 975, 980-981 [2013], lv denied 22 NY3d 1203 [2014]). We have examined defendant's remaining contentions and find them unavailing.
Garry, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Gannon's conviction upon her plea of guilty of the crimes of criminal sexual act in the first degree and sexual abuse in the first degree was the subject of a separate appeal before this Court (People v Gannon, 167 AD3d 1163 [2018]).